SMITH *versus* STANLEY & 'al.

Where land is mortgaged by the *grantee* to the grantor, at the time he receives his deed, or to a third person, to secure him for making a payment for the land, *he* has no such *seizin* therein, as will entitle his wife to dower.

But if the mortgagee subsequently release the land from the effect of the mortgage, or the debt secured thereby is paid, the *seizin* of the *mortgager* takes effect from the time he acquired his original title, and his *wife* will be dowable therein.

If the mortgagee subsequently release to a third person his mortgage lien to one half of the land, and receive new notes for the amount due him, and a new mortgage of the land, from the original mortgager and such third person; this will not operate as payment of the prior mortgage, so as to establish the *seizin* of the prior mortgager to more than the one half released.

ON FACTS AGREED.

WRIT OF DOWER. The plaintiff was lawfully married to Jotham Smith in 1831, and he died in 1850, and demand

of dower in the land described in plaintiff's writ was made in March, 1853.

On February 16, 1833, one Samuel Eastman conveyed the premises by deed of warranty to Jotham Smith, and at the same time, Smith conveyed them in mortgage to Samuel G. Stanley, one of the defendants, who furnished the consideration for the deed from Eastman.

On November 24, 1838, Jotham Smith conveyed by deed of warranty *one undivided half* of the same premises to William Smith, in which deed Stanley joined, "relinquishing all his interest in the premises by virtue of said mortgage."

At the same time, Jotham and William Smith gave a joint mortgage of the premises described in plaintiff's writ, and new notes signed by them for the amount then due to Stanley; the former mortgage and notes given by Jotham to Stanley were, by agreement of parties, left in the hands of P. M. Stubbs, at his suggestion, "to guard against any attachments or incumbrances, or as an escrow."

Subsequently Stanley sued out a writ of entry for the same, the mortgage not being paid, and thereby obtained possession of the premises, which he held with the other defendant at the time of suing out of demandant's writ.

*R. Goodenow*, for demandant.

The release of Stanley to William Smith, the taking of new notes and mortgage from Jotham and William Smith was a discharge of the first mortgage, and gave the husband such a seizin as entitles the demandant to her dower. *Hadlock* v. *Bulfinch*, 31 Maine, 246; *Gage* v. *Ward*, 25 Maine, 101; *Stanwood* v. *Dunning*, 14 Maine, 90; *Kimball* v. *Kimball*, 2 Greenl. 226; 9 Johns. 344.

Under the last mortgage the defendants claimed and hold possession.

The case shows that the defendant considered the first mortgage canceled by the last and under which he holds the land.

*Whitcomb*, for defendants.

1. The mortgage given by demandant's husband when he

received his deed of the premises has never been discharged or extinguished. It is to be upheld. *Poole* v. *Hathaway*, 22 Maine, 85; *Simonton* v. *Gray*, 34 Maine, 50.

2. A mortgage of land can only be discharged by payment of the debt, or by a release of the mortgage. *Hadlock* v. *Bulfinch & al.*, 31 Maine, 246; *Crosby* v. *Chase*, 17 Maine, 369, and cases there cited.

3. A renewal of the notes secured by such mortgage is not such a payment as will discharge the mortgage unless so intended by the parties. 16 Pick. 22; 8 Pick. 522.

4. If there was an inchoate right of dower existing, it was for the interest of Stanley that the old mortgage should subsist, and no merger would take place, for mergers are not favored. *Simonton* v. *Gray*, 34 Maine, 50, and cases there cited; 5 N. H. 252; 4 Pick. 505; 14 Pick. 375; Shep. Touch. 83; Co. Lit. 301; Ca. Rep. 85.

HATHAWAY, J. — If a grantee of land, at the time when he receives his deed, execute a mortgage of the same premises to his grantor, to secure the payment of the purchase money, he has but an instantaneous seizin, by virtue of which his wife does not acquire a right of dower; nor are her rights as to dower in such case any different, if the mortgage be made to a third person, who paid the consideration in pursuance of a previous arrangement between the parties. *Clark* v. *Monroe*, 14 Maine, 351; *Stow* v. *Tift*, 15 Johns. 458.

Nothing but payment in fact or the release of the mortgagee will discharge a mortgage. *Crosby* v. *Chase*, 17 Maine, 369.

When Stanley joined Jotham Smith, in the deed to William, of one half of the premises mortgaged to him, and released all his interest therein, the mortgage of that half was thereby discharged, and Jotham's seizin thereof had effect by relation, from the time of the execution of the original deed from Eastman, and the demandant became dowable of that half of the land; but Stanley released only one half of the land mortgaged; he received no payment

in fact of the debt secured by the mortgage of the other half, except by the land; and the result is that the demandant is entitled to judgment for her dower in one undivided half of the premises and no more.

*Defaulted as agreed by the parties.*

*Judgment for dower in one moiety.*

SHEPLEY, C. J., and HOWARD, RICE and CUTTING, J. J., concurred.