# McGough *v.* Sweetser.

*Bill in Equity by Widow to Redeem Lands of Deceased Husband Sold Under Decree Foreclosing Mortgage.*

1. *Right of redemption by widow.*—When a wife joins her husband in the execution of a mortgage on lands owned by him, which is afterwards foreclosed by proceedings in chancery, to which she is not made a party, she will not be allowed to redeem such lands, without paying the entire mortgage debt, although the purchaser at such foreclosure sale paid greatly less than the amount due on the mortgage.

APPEAL from Barbour Chancery Court.

Heard before Hon. JOHN A. FOSTER.

Bill in equity by Mary E. McGough, against J. Howard Sweetser, to redeem lands sold under decree of foreclosure. The amount due on the mortgage debts at the time of the sale was over Fifty Thousand Dollars, the amount bid for the lands was Eleven Thousand, Four Hundred Dollars.

The Chancellor rendered a decree granting relief to complainant, and that she be allowed to redeem on payment of the amount due on the mortgage debts, which were to be ascertained by the register, without reference to the calculation of interest made in the foreclosure proceedings, and the purchaser or mortgagees were to be charged with rents less taxes paid during their possession of the lands. From this decree the complainant appealed.

G. L. COMER, and H. B. McGough, for appellant, insisted that the defendant was entitled to the amount bid by him at the sale and no more, citing *Duval v. McLoskey,* 1 Ala. 708; 2 Jones on Mortgages 1075; *Noyes v. Hall,* 97 M. S. 34; *Collins v. Riggs,* 14 Wal. 491.

P. B. McKENZIE, for appellee, insisted that the decree of the chancellor was correct, citing 2 Jones on Mort. 1067, 1075; *Mille v. Vanvoorheis,* 20 N. Y. 412; *Van Duyne v. Shann,* 39 N. J. Eq. 6; *Brown v. Lapham,* 3 Cush. (Mass.) 554; that

the purchaser at foreclosure sale becomes the assignee of the mortgage debt; *Welsh v. Phillips*, 54 Ala. 309; *Taylor v. Association*, 68 Ala. 229; *Brobst v. Brock*, 10 Wall. 519.

STONE, C. J.—Dower was much favored at the common law.—5 Amer. & Eng. Encyc. of Law, 885, note. One reason was that the widow was very frequently left with very limited, if any means of subsistence. The common law tended strongly to concentrate all the accumulation in the husband; and it vested in him the wife's personal estate owned at the time of the marriage, provided he reduced it to possession during the coverture. So, the wife's earnings during the marriage relation became his property. These are reasons why dower should be favored, and the above are the prevailing rules in Alabama, except to the extent they have been chaned by statute. There has been no statutory change which affects the merits of the case we have in hand, except in making provision whereby the wife may relinquish her right of dower. This she may do without consideration, provided the instrument is shown to be her voluntary act and deed, by that species of evidence the statute prescribes.

Dower is not a fee simple estate. It is a life tenure—the right to occupy and enjoy, during the life time of the surviving widow, one third of the real estate of which the husband died seized, or had been seized during the coverture, she not having relinquished her dower rights therein. At her death the right and title terminate, and the life tenure which has been carved out, lapses back and disappears in the fee. And this life estate in the widow is, in interest and extent of ownership while it lasts, precisely the same as that of the husband out of which it was carved. Neither greater nor less. If his estate was a legal fee simple, hers will be a legal freehold. If his was an equitable right, perfect or imperfect, hers, during its continuance, will be the same. If his was an equity of redemption, hers will be an equity of redemption. And so of all the varying shades of ownership and interest land-ownership is susceptible of.

Mrs. McGough's husband, during her coverture with him, became the owner, in fee, so far as we are informed, of a large body of lands in Barbour county. In 1880, he became indebted to Mrs. Reese, and to secure payment, executed a mortgage, conveying to her the said entire body of land. Mrs. McGough, his wife, united with him in the execution of the mortgage. In 1883 he and his wife executed a second mortgage, conveying said tract of land to the Merchants and Mechanics Bank of Columbus, Georgia, to secure a debt to

it. These debts were large. The Reese debt and mortgage were traded to Tillman. A bill and cross bill were filed, and under decrees rendered in those suits the lands were sold, and J. Howard Sweetzer became the purchaser. He paid the purchase money, the sale was confirmed, title conveyed to him, and he was put in possession of the lands. All this in the lifetime of Mr. McGough. He had been made a party defendant to the foreclosure suits, but Mrs. McGough, his wife, was not made a party. The sale of the lands did not yield enough to pay the entire amount of the mortgage debts; probably not exceeding twenty-five per cent of them. The balance are still unpaid, amounting to many thousand dollars.

Not long after the sale of the lands under the foreclosure suits, Mr. McGough died, leaving his widow surviving him, and she thereupon filed the bill in this case, and seeks to redeem the lands from Sweetzer. The right and title on which she seeks to redeem is her dower interest in the lands which interest she, not having been made a party to the foreclosure suits, has not been foreclosed.

In her bill Mrs. McGough offers to pay Sweetzer the amount of money he paid on his purchase, with interest thereon, less the value of the rents and profits of the land which have accrued since Sweetzer obtained possession. The defendant contends that Mrs. McGough has no right to redeem on the terms she offers. His contention is that she must pay not only the money he expended in the purchase, but the entire unpaid balance due on the mortgage debts; before she can successfully assert her right to redeem. This is the sole issue in this case. The chancellor decided it in favor of Sweetzer, the defendant, and his decree is assigned as error.

There can be no question that if Mrs. McGough had not united in the execution of the mortgages to Mrs. Reese and to the bank, none of the proceedings in the foreclosure suits would have changed her status, or affected her interests in the slightest degree. She would not have been driven to the necessity of redeeming, but could have proceeded directly to have her dower assigned to her. This, upon the plain principle and proposition that the law having secured the right to her, and she having done nothing to forfeit, relinquish, or impair that right, the mortgages and sale did not and could not take it away from her. It would have remained a complete dower right, not in a limited or qualified interest in the land, but in the land itself—the fee simple ownership of it.

[McGough v. Sweetser.]

But she did not sustain this relation to the land. She had united with her husband in the execution of the two mortgages, which by reducing his ownership to that of an equity of redemption, had the same effect on her dower claim. So, if no foreclosure proceedings had been had, and she had sought to assert her dower rights, she could claim only to be endowed of the remainder of the estate left in the husband; that is, of the equity of redemption.

A mortgage in equity and in fact is only a security for the payment of a debt. It does not convey all the interest of the mortgagor. So soon as the debt is paid, the entire ownership revests in him. So, likewise, if the property conveyed in the mortgage is more than sufficient to pay the debt, that balance when ascertained belongs to the mortgagor. This privilege and residum of interest constitutes what is known as the mortgagor's equity of redemption; and it is this equity of redemption of which in the absence of the forclosure proceedings, Mrs. McGough was dowable.—*Opdyke v. Bartles*, 11 N. J. Eq., 133; *Criswell v. Morris*, 14 Id. 101; *Eldride v. Eldridge*, Id. 195.

There can be no question that the rights and interests left in Mrs. McGough after the execution of the mortgages by her husband and herself, rendered it proper that she should have been made a party to the foreclosure proceedings; and that not being made a party, the foreclosure stands for nothing as against her.—*Eslava v. Lepretre*, 21 Ala. 504; *Duval v. McLoskey*, 1 Ala. 708; 2 Scrib. Dower, 276, and note; *Ib.* 279; *McArthur v. Franklin*, 15 Ohio St. 485; and 16 Id. 193; *Denton v. Nanny*, 8 Barb. 618; *Mills v. Van Voorhies*, 20 N. Y. 412; s. c. 10 Abb. Pr. Rep. 152; Wiltsie Mortg. Forcl. 157; *Gibson v. Crehone*, 5 Pick. 146; 2 Jones Mortg. § 1420; *Gilbert v. Maggard*, 1 Scam. 471; *Leonard v. Villars*, 23 Ills. 377.

The mortgages not being foreclosed as against her, what effect, if any, does it have on her rights? The general rule is that when one who should have been made a party is omitted from judicial proceedings, the rights of such omitted person remain precisely as they were before the proceedings were instituted. They are neither enlarged nor diminished thereby.—*Gay, Hardie & Co. v. Brierfield Coal & Iron Co.*, 94 Ala. 303; *Ross v. Boardman*, 22 Hun. (N. Y.) 527; *McArthur v. Franklin*, 16 Ohio St. 193.

Testing Mrs. McGough's rights in the lands she seeks to redeem, by principle without reference to declared law, let us inquire what interest remained in her. The following facts are nowhere denied, but are admitted as true in every

[McGough v. Sweetser.]

step taken in this suit: The lands were originally the property of Mr. McGough, in which Mrs. McGough had no interest or claim, save an inchoate right of dower, conditioned on her outliving her husband. He owed Mrs. Reese and the bank *bona fide* debts, executed the mortgages to secure their payment, and Mrs. McGough voluntarily united in the mortgages, thus relinquishing her dower right in and to the lands, to an amount equal to the debts secured. Large sums of the debts remain unpaid. If before the foreclosure proceedings were had, Mrs. McGough had sought to redeem the land from under the mortgages will any one contend she could have done so without paying the entire amount of the mortgage debts? And if the foreclosure proceedings, she not being made a party, neither enlarged nor abridged her rights, can any principle be conceived which would authorize a redemption by her on terms less onerous than she labored under before the incomplete foreclosure? Does not this show that she was dowable only of the excess of the estate and interest that might be left after paying the mortgaged indebtedness? But we need not pursue this argument. The authorities are overwhelming that to redeem in the conditions shown in this record, she must pay the entire sum due on the mortgages.—2 Jones on Mortg. § 1067; *Collins v. Riggs*, 14 Wall. 491; *Theswell v. Morris*, 14 N. J. Eq., 101; Wiltsie Mort. Forecl. 191; *Ross v. Boardman*, 22 Hun. N. Y. 527; *McArthur v. Franklin*, 16 Ohio St. 193; *Gibson v. Crehone*, 5 Pick. 146; *Newton v. Cook*, 4 Gray, 46; *McCabe v. Bellows*, 7 Gray, 148; *Wheeler v. Morris*, 2 Bosw. 524; 1 Jones Mort. § 812; *Denton v. Nanny*, 8 Barb. 618; 2 Jones Mort. § 1075.

The wants of this case do not require us to determine what interest Mrs. McGough would have acquired in the land, if she had been successful in the attempt she made to redeem it. Reason declares that the interest and right the law secured to her, being only a life estate, all she could lay claim to as a mere dower right, would be to be endowed of a life estate. This, because nothing had been done which could either diminish or increase those rights. They had been simply left *in statu quo*. This is the extent of her dower right secured to her by the law. But, having been required to pay the entire mortgage debt as a condition upon which she would be permitted to assert and enjoy that right, what new right or interest does the redemption secure to her? Reason would declare that inasmuch as her unforclosed dower right had secured to her the right to redeem, and inasmuch as she had, in virtue of that right, perfected redemp-

[Lewis et al. v. Mohr.]

tion by paying off the entire incumbrance which hindered the assertion of her dower right, the interest she would acquire by these combined processes would not be limited to a mere life estate in one third of the land. The authorities on this question are not in strict harmony, and we will not declare what is the proper solution.

We find no error in the record, and the decree of the chancellor is affirmed.