# Harris *v.* Jones, *et al.*

### *Bill to Redeem, and for an Accounting.*

(Decided June 4, 1915.   65 South. 956.)

1. *Insane Persons; Mortgage; Validity.*—A mortgage by an insane person is absolutely void, and passes no title to the mortgagee.

2. *Quieting Title; Mortgage by Insane Persons; Legal Remedy.*— A mortgage by an insane person being absolutely void, a bill to have the same removed as a cloud on title, is without equity as complainant has an adequate remedy at law by ejectment.

3. *Mortgages; In Possession; Accounting.*—The right of a mortgagor to hold the mortgagee in possession to an accounting for rents and profits or waste, can only be enforced in equity although the rents are alleged to have been sufficient to satisfy the mortgage debt; the mortgagee being the legal owner of the estate, and his accountability for rents, etc., only an incident to the right to redeem in equity.

4. *Same; Bill to Redeem.*—The bill examined and held not to be a bill to set aside the second mortgage, but to redeem and to compel an accounting by the mortgagee in possession, and therefore, not demurrable.

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by T. N. Harris against E. V. Jones and others, to redeem from mortgage and for an accounting for rents and profits against the mortgagee in possession. From a decree sustaining demurrers and dismissing the bill, complainant appeals. Reversed and remanded.

H. A. DICKINSON, for appellant. The bill contained equity and the court erred in its decree sustaining demurrers and dismissing the bill.—27 Cyc. 1839; *High v. Hoffman,* 129 Ala. 359; *Field v. Clayton,* 117 Ala. 538; *American F. L. M. Co. v. Pollard,* 132 Ala.

FELIX L. SMITH, for appellee. If Mrs. Harris was non compos mentis the mortgage was absolutely void, and the complainant had an adequate remedy at law.—*Wilkerson v. Wilkerson,* 129 Ala. 279; *Patterson v. Simpson,* 147 Ala. 550.

DE GRAFFENRIED, J.—This is a bill to redeem the lands described in the bill from a mortgage or mortgages, and, as an incident to this main purpose of the bill, the complainant prays that respondents, who are in possession of the land, be required to account to the complainant for the rents, incomes, and profits which they have received, or by the exercise of reasonable care and diligence might have received, from the land since they became possessed of it, and also for waste which, the bill alleges, has been committed by the respondents upon the said land.

The rules which fix the liability of a mortgagee in possession to account to the mortgagor for rents, incomes, and profits and *waste* are fully set out and explained by this court in the case of *American Freehold Land Mortgage Co. v. Pollard,* 132 Ala. 155, 32 South. 630, and need not be here repeated.

[Harris v. Jones, et al.]

2. It appears from the allegations of this bill that Mary W. Harris, on September 25, 1897, executed and delivered to E. V. Jones, one of the respondents to the bill, upon the lands described in the bill, a mortgage to secure the payment of a note for $100 due October 1, 1901. It further appears that said E. V. Jones transferred and assigned unto Julius Jones, the other respondent to the bill, a half interest in said note and mortgage. The bill further alleges that upon the execution of the mortgage the said E. V. Jones assumed possession of the said lands, and that since that time up to the filing of the bill the said E. V. Jones and Julius Jones have been in possession of the land, using the same, collecting the rents and income from the same, and that during said period they have committed divers acts of waste upon the same. The bill further alleges that *subsequent* to the execution of the above-mentioned mortgage, and prior to May 1, 1901, the said Mary W. Harris became *insane,* and that while she was thus insane, and for that reason incapable of binding herself or her property by any contract or conveyance, the said E. V. Jones delivered into her possession the above mortgage, and at the same time had her, to wit, on May 1, 1901, execute unto him another mortgage on said land to secure a note for $200 due October 1, 1911. The bill further alleges that at the same time, to wit, on May 1, 1901, the said E. V. Jones had the said Mary W. Harris to execute and deliver to him a lease of the said lands, which lease by its terms expired on *December 31, 1911.*

A copy of this lease is attached to the bill, and in the lease it is recited that, in consideration of "one dollar paid by said E. V. Jones to said Mary W. Harris on this day, the said Mary W. Harris does hereby demise, lease, and farm let," etc., the lands described in the bill for

a period of ten years to said E. V. Jones, the lease to terminate on December 31, 1911. The bill further alleges that between the execution of the first mortgage, in 1897, and October 14, 1911, the said E. V. Jones and Julius Jones, in rents, incomes, and profits obtained from said lands, received largely more than enough to fully pay off and discharge any lawful lien which they held upon said property by virtue of either one of the above mortgages, taxes paid by them, etc., but that nevertheless on October 14, 1911, the said E. V. Jones sold the said lands under the power contained in said mortgage to secure said note of $200, and at said sale that the said Julius Jones bid the said lands in, and that since said sale the said E. V. Jones and Julius Jones have been in possession of the said lands, using the same, and collecting the rents, etc., for them.

3. The bill further shows that the said Mary W. Harris shortly after she executed the mortgage securing the $100, and before she became *insane,* executed her last will. By this will she devised unto complainant, her son, all of her property, and made him the executor of the will. In this will she mentions expressly the said mortgage securing the note for $100, and states that her said son had agreed to pay it. The bill shows that the said Mary W. Harris died in the insane asylum prior to the filing of the bill, and that her said will had been formally probated.

The complainant files this bill as *executor* and as *devisee.* In the bill he alleges that the mortgage securing the $200 was void because of the insanity of the mortgagor, and alleges that the sale had thereunder was "fraudulent and void." He also alleges in the bill that the rents and profits arising from the lands and the waste committed by the respondents while in possession of the land amount to a sum in excess of the indebtedness se-

cured by the mortgage securing the note for $100 and any sum which the said E. V. Jones and Julius Jones may have expended for taxes or otherwise constituting a charge in their favor upon said land. The bill prays that the complainant be let in to redeem the land, asks for an accounting, alleges that the respondents are, upon a proper accounting, indebted to the estate of said Mary W. Harris; and in the bill the complainant submits himself to the court and "offers to do and perform whatever equity may deem just and right."

4. The bill, as already stated, shows that when it was filed the complainant was not in possession of the land, but that the respondents were in the actual possession of it. The chancellor, proceeding upon the theory that the mortgage securing the $200 and the lease were *void because* of the *insanity* of Mary W. Harris at the time of their execution, dismissed the bill for want of equity. This court has frequently laid down the proposition that a deed executed by one who is non compos mentis "is absolutely void, and passes no title to the grantee therein," and that a bill filed for the purpose of having such a deed declared to be void on account of such insanity of the grantor, and canceled as a cloud upon the title, which shows that the complainant is not in possession of the land, but that the respondent is in possession, is without equity. In such a case the law affords a plain and adequate remedy through its action of ejectment, and there exists no necessity for equitable interposition.—*Wilkinson v. Wilkinson*, 129 Ala. 279, 30 South. 578; *Patterson v. Simpson*, 147 Ala. 550, 41 South. 842.

5. The present bill was not filed merely to have a mortgage and lease declared to be void, because of the insanity of their maker at the time of their execution, and to have them canceled as a cloud upon title. In this

bill the validity of the first mortgage—the one securing the note for $100—is recognized, and it is not claimed in the bill that Mrs. Harris ever made any payment to E. V. Jones and Julius Jones, its owners, on said mortgage debt. The bill shows that about the time of the execution of *that* mortgage the respondents went into possession of the lands, and that they have been in possession of them ever since. The complainant claims in his bill that the debt secured by said mortgage and all other lawful charges which, as mortgagees in possession, the respondents have upon said lands have been paid in one way only; i. e., by the rents, incomes, and profits received by the respondents from the land, and through the wasteful acts which respondents have committed upon the land to its damage, etc. The bill claims that the respondents, upon a proper accounting, are really indebted to complainant as the executor of the last will of Mrs. Harris; but this claimed indebtedness grows out of the alleged value of the rents, incomes, and profits which have come into the hands of respondents and the amount which, upon such accounting, should be allowed because of respondents alleged acts of waste. In other words, this bill is one to *redeem,* and the party who has filed it, standing as he does as executor of the will, and as sole devisee, in both of the shoes of the mortgagor, simply prays that the mortgagees in possession shall be made to account to him for the rents and incomes which they have received from the land, and for the amount of the damages which he has suffered through their acts of waste.

"The mortgagor's right to hold the mortgagee to account for rents and profits of the mortgaged premises, or for waste done to them, *must* be enforced in *equity,* and not by suit at law. *Though the rents received may be sufficient to satisfy the debt in full, the only remedy*

*of the mortgagor is by a bill in equity for an account
and redemption.* He is not chargeable so long as the
premises are not redeemed. He is the *legal owner* of the
estate, and his *accountability* for rent is incident only to
the *right in equity to redeem.*"—2 Jones on Mortgages
(6th Ed.) p. 83, § 1116.

6. The bill in this case, it is true, alleges that, when
the mortgage securing the $200 note was executed, the
said first mortgage was, contemporaneously with such
execution, delivered up to Mrs. Harris; but the bill al-
leges that at that time Mrs. Harris *was insane.* The de-
livery of the first mortgage to Mrs. Harris, *while she
was insane,* cannot aid the respondents in their efforts
to escape accountability for the rents, incomes, and prof-
its received by them from the lands, or for the waste
which they have, since the execution of the first mort-
gage, committed upon the land. The complainant does
not, as already stated, claim that Mrs. Harris ever paid
the respondents a single dollar on the $100 mortgage.
On the contrary he claims that, if that mortgage has in
fact been paid, the payment has been through the in-
come, rents, and profits received by the respondents
from the land, and through acts of waste which they
have committed upon the land. This allegation of the
bill—the question as to whether this mortgage has in
fact thus been paid—can only be determined upon a
proper accounting in a court of equity.—2 Jones on
Mortgages, supra.

7. It is conceded, of course, that the mortgage se-
curing the $200 note, the ten-year lease, and the sale
had under *that* mortgage are, if the allegations in the
bill as to the insanity of Mrs. Harris are true, null and
void. If Mrs. Harris was insane when the second mort-
gage and the lease were executed, then the respondents
can claim no rights through them.

8. There is nothing in the contention of the respondents that the complainant is not entitled to maintain this bill both in his capacity as executor of his mother's will and also as the sole devisee under the will. As executor he is certainly entitled to an accounting—if the allegations of the bill are true—and as devisee he is entitled to the land upon its redemption.—2 Jones on Mortgages (6th Ed.) p. 65, § 1098.

9. The decree of the court below is not in accordance with the above views. The decree of the court below is therefore reversed, and the cause remanded to the court below for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.