(112 So. 141)

HAMM v. BUTLER et al. (6 Div. 750.)

(Supreme Court of Alabama. March 24, 1927.)

1. Mortgages ⬯591(1)—Strict foreclosure under power of sale or decree is prerequisite to redemption (Code 1923, § 10140).

Strict foreclosure under power of sale or decree of court of equity is prerequisite to right of redemption, under Code 1923, § 10140.

2. Mortgages ⬯616—Wife's bill for permission to exercise husband's equity of redemption did not assert statutory right of redemption, to which strict foreclosure of mortgage is prerequisite (Code 1923, § 10140).

Wife's bill for permission to exercise husband's equity of redemption by requiring accounting to ascertain balance due on mortgage debt and existence of other lawful charges, accompanied by offer to do equity, did not assert right of redemption, under Code 1923, § 10140, so as to make strict foreclosure under power of sale or decree prerequisite; controlling purpose of bill being to protect complainant's inchoate right of dower.

3. Mortgages ⬯594(6)—Wife may exercise husband's equity of redemption to protect her inchoate dower right in mortgaged property, where husband neglects or refuses to protect equity.

Wife may exercise husband's equity of redemption to protect her inchoate right of dower in mortgaged property, where husband neglects or refuses to protect such equity, but existence thereof in him and inchoate right of dower therein is essential.

4. Dower ⬯7—Right to dower depends on both character and duration of husband's seisin.

Wife's right to dower depends on character as well as duration of husband's seisin of estate.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Dower ⬥⟿8—Inchoate dower right attaches when husband has beneficial seisin for his own use, though instantaneous, but not as against one conveying to husband and taking back purchase-money mortgage.**

When husband has beneficial seisin of estate for his own use, though only for instant, wife's inchoate right of dower attaches, but if he is mere conduit for passing title, as by conveyance to him and concurrent conveyance back by purchase-money mortgage, such right does not attach as against mortgagee's rights.

**6. Dower ⬥⟿26—Reason of rule that dower right does not attach as against purchase-money mortgagee is protection of original owner of fee, and relates to estate conveyed by mortgage, not equity of redemption.**

Reason of rule that right of dower does not attach as against rights of purchase-money mortgagee is necessity and equity of protecting original owner of fee in securing full payment, and relates to estate conveyed by mortgage, not equity of redemption vesting in mortgagor under deed.

**7. Dower ⬥⟿8—Satisfaction of husband's purchase-money mortgage carries seisin back to date of conveyance to him, and wife's right of dower attaches to such estate.**

Satisfaction of husband's purchase-money mortgage carries his seisin back to date of deed conveying lands to him, and wife's right of dower attaches to estate thus vested.

**8. Dower ⬥⟿34—Mortgagor's quitclaim deed to mortgagees in satisfaction of debt vested legal title in them, incumbered by inchoate dower right of mortgagor's wife not joining in deed (Code 1923, § 9026).**

Mortgagor's sale and conveyance of property to mortgagees for cash consideration, and in satisfaction of balance due, divested title passing by mortgage and vested in mortgagor full fee-simple title as of date of deed to him from mortgagees, under Code 1923, § 9026, and title conveyed to them by his subsequent quitclaim deed, in which his wife did not join, vested legal title in them with present right of entry and possession, incumbered by wife's inchoate right of dower.

**9. Mortgages ⬥⟿296—Husband's conveyance of mortgaged property to mortgagees in satisfaction of mortgage debt left nothing from which wife could redeem.**

Husband's equity of redemption being fully exercised by sale and conveyance to mortgagees in satisfaction of mortgage debt and removal of mortgage as incumbrance, there was nothing from which wife could redeem, and redemption would give her no greater right in property than she otherwise has.

**10. Dower ⬥⟿35—Wife's dower right in land conveyed to husband by unrecorded deed, redelivered to grantors by him, with quitclaim deed executed in satisfaction of mortgage taken back by them, may be established by court of equity.**

Mortgagees' unrecorded deed to mortgagor, who redelivered it to mortgagees on executing and delivering quitclaim deed to them in satisfaction of mortgage debt, being essential to dower right of mortgagor's wife, which may be destroyed by conveyance of property, without her knowledge or consent, to purchaser without notice, court of equity may establish her rights.

**11. Dower ⬥⟿29—Inchoate dower right is valuable one, of which wife should not be deprived without her consent, death, or divorce.**

Inchoate right of dower is valuable right or interest constituting incumbrance on title, of which wife should not be deprived or divested without her consent or death or a valid decree of divorce.

**12. Dower ⬥⟿35—Court of equity will intervene to protect and preserve inchoate dower right at wife's instance.**

Inchoate right of dower is such a right as court of equity will intervene to protect and preserve at wife's instance.

**13. Dower ⬥⟿32—Inchoate dower right has monetary value.**

Right of dower has a value measurable by monetary standard, though inchoate.

**14. Dower ⬥⟿35—Wife's inchoate dower right in property, conveyed to husband by unrecorded deed, redelivered to grantees with quitclaim deed in satisfaction of purchase-money mortgage, may be established under general prayer for relief in wife's bill for permission to exercise husband's equity of redemption.**

Wife's inchoate right of dower in property conveyed to husband by unrecorded deed, which he redelivered to grantors with quitclaim deed in satisfaction of purchase-money mortgage taken back by them, may be established under general prayer for relief in wife's bill for permission to exercise husband's equity of redemption, by entering decree establishing and defining her rights and directing entry of notice thereof on record of quitclaim deed, or by requiring production and recording of original deed, or by ascertaining value of such right and decreeing it to be incumbrance on mortgagee's title.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Lillie Pearl Hamm against F. E. Butler and another for redemption from a mortgage. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

Charles W. Greer and W. B. Harrison, both of Birmingham, for appellant.

A wife joining with her husband in executing a mortgage upon realty standing in his name is a joint mortgagor, and has the right to redeem from such mortgage. McClendon v. Henderson L. Co., 9 Ala. App. 480, 63 So. 811; Wilkerson v. Sorsby, 201 Ala. 182, 77 So. 708; McGough v. Sweetser, 97 Ala. 361, 12 So. 162, 19 L. R. A. 470; Wooten v. Vaughn, 202 Ala. 684, 81 So. 660; Whiteman v. Taber, 203 Ala. 496, 83 So. 595. The wife's inchoate right of dower is more than a mere possibility, and is a contingent interest conferring upon her the right of equi-

table redemption in a mortgage in which she joined. Taylor v. Taylor, 207 Ala. 217, 92 So. 109; Eslava v. Lepretre, 21 Ala. 504, 56 Am. Dec. 266; 27 Cyc. 1807; 21 L. R. A. (N. S.) 180; 33 Mo. 337, 84 Am. Dec. 49; 184 N. Y. 411, 77 N. E. 721, 3 L. R. A. (N. S.) 1068, 112 Am. St. Rep. 620, 6 Ann. Cas. 475; 129 Ga. 74, 58 S. E. 1038, 12 Ann. Cas. 475; Boynton v. Sawyer, 35 Ala. 497; 19 C. J. 487. The wife's inchoate interest attaches immediately upon seisin of her husband. Frain v. Burgett, 152 Ind. 55, 50 N. E. 873, 52 N. E. 395. In taking deed from the husband, respondents in effect foreclosed as to him, but such arrangement could not injuriously affect the rights of third persons. Taylor v. Taylor, supra; Rothschild v. Bay City L. Co., 139 Ala. 571, 36 So. 785; Grace v. Montgomery, 207 Ala. 188, 92 So. 412; Id., 209 Ala. 386, 96 So. 430; 27 Cyc. 1376; Thomas v. Blair, 208 Ala. 48, 93 So. 704; Stringer v. Kelly, 212 Ala. 565, 103 So. 650.

J. Howard Perdue, of Birmingham, for appellees.

There can be no statutory redemption except in cases provided by the statute; there can be no such redemption until after foreclosure. Code 1923, § 10140; Norville v. Seeberg, 205 Ala. 96, 87 So. 164; Randolph v. Bradford, 204 Ala. 378, 86 So. 39; Brannan v. Adams, 202 Ala. 442, 80 So. 826; Ivy v. Hood, 202 Ala. 121, 79 So. 587; Beatty v. Brown, 101 Ala. 695, 14 So. 368; Grace v. Montgomery, 209 Ala. 386, 96 So. 430; Id., 207 Ala. 188, 92 So. 412; Leith v. Galloway Coal Co., 189 Ala. 204, 66 So. 149. Joinder of the wife in this mortgage effected to vest in her no dower right as against the mortgagees until the full purchase price was paid; it neither bound her or gave her any additional rights. Sullivan v. Sullivan, 139 Iowa. 679, 117 N. W. 1086, 22 L. R. A. (N. S.) 691; Gillespie v. Somerville, 3 Stew. & P. 447; Edmondson v. Montague, 14 Ala. 370; Crabb v. Pratt, 15 Ala. 843; Rogers v. Rawlings, 8 Port. 326; Code 1923, § 1427 (3). Complainant's right was transitory and conditional, and failed and was extinguished by the sale, of the equity of redemption to the mortgagee in satisfaction of the mortgage debt and other consideration. Authorities, supra; Peagler v. Stabler, 91 Ala. 308, 9 So. 157; Shaw v. Lacy, 199 Ala. 450, 74 So. 933; Kelly v. McGrath, 70 Ala. 75, 45 Am. Rep. 75; Thornton v. Pinckard, 157 Ala. 206, 47 So. 291.

BROWN, J. This is a bill by the appellant against the appellees, asserting the right to redeem from a mortgage executed by the complainant and her husband, to the appellees to secure the payment of the purchase money for the lands in question, and for alternative relief.

After the defendants' demurrers to the bill were overruled, the case was submitted for final decree on an agreement as to the facts and the admitted truth of the averments of the bill, except in one particular to be hereafter noticed. The court dismissed the bill, and the complainant appealed.

The admitted averments of the bill and the agreed facts show that the complainant's husband purchased the lands involved from the defendants for $800, which he agreed to pay in monthly installments of $25, evidenced by 32 promissory notes, drawing interest at 8 per cent. from date. The defendants executed and delivered to the husband a warranty deed to the property, and concurrently with the execution of the deed, and as a part of the same transaction, complainant and her husband executed and delivered to the defendants a mortgage securing the payment of the purchase-money notes, the mortgage being duly recorded.

After a large part of the purchase-money notes had been paid by the husband, some of the money used therefor being furnished by the wife, and after he had defaulted in paying some of the notes, the husband entered into a contract with the defendants to resell the property to the defendants for a cash consideration of $1,000, the assumption of certain charges for municipal assessments and unpaid taxes, and the satisfaction of the balance due on the mortgage debt, amounting to $260, provided the complainant would join in the deed. Complainant refused to join in the deed, and the contract was modified by the husband accepting two checks for the cash consideration, one for $800, which he was to use, and the other for $200, which he was to indorse, and did indorse, and return to the defendants to be delivered to the complainant in the event she afterwards conveyed her interest, providing, however, if she litigated, this check should be canceled. The sale was consummated by the execution of a quitclaim deed by the husband, in which the wife did not join, conveying all of the husband's rights, title, interest, and claim to the defendants.

After the execution of the quitclaim deed, the husband abandoned the complainant and left the state, and his whereabouts is unknown.

The bill avers that "said quitclaim deed was executed and delivered to the respondents by the said Hamm [the husband] in lieu of foreclosure," but this averment of the bill is denied by the answer. The agreed facts show that there was no agreement or understanding to this effect, and the effect of the agreed facts shows that the transaction was a sale for cash and in satisfaction of the mortgage and other claims for which the husband was liable, without fraud, oppression, or undue influence on the part of the defendants. At the time of this sale the appraised value of the property was $2,000.

[1] It is settled by the uniform decisions of this court, relating to the right of redemption of mortgaged property, that a strict foreclosure under the power of sale, or under a decree of a court of equity, is a prerequisite to a quickening into existence of the statutory right of redemption. Code of 1923, § 10140; Norville v. Seeberg, 205 Ala. 96, 87 So. 164; Randolph v. Bradford, 204 Ala. 378, 86 So. 39; Summerford v. Hammond, 187 Ala. 244, 65 So. 831. .

[2] It is clear, under the facts of this case, that the right asserted by the bill is not the statutory right of redemption. The controlling purpose of the bill is to protect the complainant's asserted inchoate right of dower in the property; and the specific relief prayed is that she be allowed to exercise the husband's equity of redemption by rquiring an accounting to ascertain the balance due on the mortgage debt and the existence of any other lawful charges, which should be paid, as an incident to redemption, accompanied by an offer to do equity.

[3] The authorities sustain the right of the wife in such cases, where the husband neglects or refuses to protect the equity of redemption in mortgage property, but the existence of the equity of redemption in the husband and the inchoate right of dower in the equity of redemption is essential to the existence of her right to redeem. Taylor v. Taylor, 207 Ala. 217, 92 So. 109; McGough v. Sweetser, 97 Ala. 361, 12 So. 162, 19 L. R. A. 470; Thompson on Real Property, § 814.

[4, 5] There is no general rule in strictness that, in cases of instantaneous seisin, the wife shall or shall not be entitled to dower; this must depend as well upon the character of the seisin as its duration. When the husband has the seisin of the estate, though for an instant, beneficially for his own use, the wife's inchoate right of dower attaches. If the effect of the transaction is merely to make the husband a conduit for passing the title, such as a conveyance to him and a concurrent conveyance back to a vendor by mortgage for the purchase price, the right of dower does not attach as against the rights of such mortgagee. Eslava v. Lepretre, 21 Ala. 528, 56 Am. Dec. 266; King v. Chandler, 213 Ala. 337, 105 So. 184; Jones on Mortgages, § 470; 9 R. C. L. 575, § 17.

[6, 7] The reason of this rule is found in the necessity and equity of protecting the vendor—the original owner of the fee—in securing full payment for the property, as against the right of dower, and relates to the estate conveyed by the mortgage executed to secure the purchase money, not the equity of redemption which vests in the mortgagor under the deed. Eslava v. Lepretre, supra; Mayburry v. Brien, 15 Pet. 21, 10 L. Ed. 646; In re Auger, 26 Ont. 402, Ann. Cas. 1913B, 1307; Thompson on Real Property,

§ 814; Bell v. Bell, 174 Ala. 446, 56 So. 926, 37 L. R. A. (N. S.) 1203. The satisfaction of the purchase-money mortgage has the effect to carry the husband's seisin back to the date of the deed conveying the lands to him, and the wife's right of dower attaches to the estate thus vested. McGough v. Sweetser, supra; Smith v. Stanley, 37 Me. 11, 58 Am. Dec. 771; 9 R. C. L. 575, § 17.

[8] The legal effect of the transaction between the complainant's husband and the defendants, in which Hamm sold and conveyed the property to defendants, for a cash consideration and in satisfaction of the balance due on the mortgage, was to divest the title passing by the mortgage and vest in the husband a full fee-simple title as of the date of the deed executed to him by the defendants (Code of 1923, § 9026; Thompson on Real Property, § 814), and the title conveyed to the defendants in the subsequent quitclaim deed, in which the wife did not join, vested the legal title in the alienee, with a present right of entry and possession incumbered by her inchoate right of dower. Kelly v. McGrath, 70 Ala. 75, 45 Am. Rep. 75.

[9] Furthermore, the equity of redemption being fully exercised by the husband in satisfying the mortgage debt and removing the mortgage as an incumbrance on the title, the result is the same as if the husband had paid the mortgage in cash, and there is nothing from which the complainant can redeem, and if she redeemed she would have no greater right in the property than she has without redemption. Kelly v. McGrath, supra.

[10-13] There is another phase of the case, however, which entitled the complainant to some relief. The original conveyance from the defendants to Hamm is not of record, and the agreed facts show that it was redelivered to the defendants at the time Hamm executed and delivered the quitclaim deed to them. This deed, the only evidence of the husband's title and seisin, is essential to complainant's right of dower in the land. Under the law, this inchoate right of dower is a valuable right or interest, constituting an incumbrance on the title, of which the complainant should not be deprived or divested without her consent, her death, or a valid decree of divorce dissolving the marriage relation. It is such a right as a court of equity will intervene to protect and preserve at her instance. Kelly v. McGrath, supra; Owen v. Slatter, 26 Ala. 547, 62 Am. Dec. 745. Not only this, it has a value, though inchoate, that may be measured by a monetary standard. Gordon, Rankin & Co. v. Tweedy, 74 Ala. 232, 49 Am. Rep. 813; Minge v. Green, 176 Ala. 343, 58 So. 381; Sadler v. Radcliff, ante, p. 499, 111 So. 231.

In the circumstances here presented, the deed to the husband, the evidence on which her right depends, being unrecorded and in the possession of the defendants, or lost, or

destroyed, her rights may be destroyed by a conveyance of the property, without complainant's knowledge or consent, to a purchaser without notice.

[14] In view of these circumstances, it is within the power and authority of the court to establish her rights, and this may be done in this case under the general prayer for relief, by entering a decree establishing and defining the complainant's right in the property, and directing the register to enter notice of said decree on the record of the deed from Hamm to the defendants in the proper office, or, if the original deed is in existence, by requiring that to be produced and recorded, or the value of the inchoate right of dower may be ascertained and decreed to be an incumbrance on the defendants' title, to be discharged as a prerequisite to a conveyance of the title to a purchaser.

Such decree can best be moulded by the circuit court to protect the right of the complainant and conserve the interest of the defendants, and for that purpose the decree of the circuit court dismissing the bill will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.