199 So. 704

**COON v. HENDERSON et al.**

4 Div. 176.

Supreme Court of Alabama.

Dec. 19, 1940.

Rehearing Denied Jan. 23, 1941.

P. B. Traweek and J. C. Fleming, both of Elba, for appellant.

Mizell & Pearson, of Andalusia, for appellee.

KNIGHT, Justice.

Mrs. Annie Coon, wife of W. F. Coon, one of the respondents, filed her original bill in equity in the Circuit Court of Covington County, Alabama, against James D. Henderson, and the said W. F. Coon, to quiet title to certain lands in Covington County, and to have the court to decree to be null and. void: (1) a certain contract entered into by and between the said Henderson and W. F. Coon; (2) a certain decree of the circuit court enforcing said contract; and (3) a certain conveyance of said W. F. Coon executed to said Henderson pursuant' to said decree. And, in the alternative, for a decree establishing and declaring the complainant entitled to assert an equitable right of redemption in the lands described in the bill; and, if mistaken in this particular, that she be allowed to assert, and to have enforced, a statutory right of redemption in said lands. General relief is also prayed for in the concluding paragraph of the bill.

It appears from the bill that the respondent Henderson on November 3, 1934, owned the lands, the subject of this litigation; that

said lands were encumbered at that time by two mortgages, one to the "Federal Land Bank", and the other to the "Land Bank Commissioner"; that the value of the equity of said W. F. Coon in said lands at the time the bill was filed was not in excess of $2,000; that the said W. F. Coon, the husband of complainant, purchased said lands of said Henderson on November 3, 1934, and after said purchase the lands became the homestead of said W. F. Coon and "his family, your complainant being one of them." That subsequent to said purchase, to wit on November 24, 1934, the said W. F. Coon made and entered into a contract with the said Henderson, the seller, and undertook to bind himself to reconvey said lands to Henderson on the happenings of the conditions enumerated in the contract. It is further averred that at the time said contract was entered into, and at the time said purchase was made, the complainant was the wife of said W. F. Coon, and was residing with her said husband on said lands; that these lands then constituted the homestead of said Coon; that she did not join her said husband in making said contract, and that as it involved the homestead, it was void and of no effect in law. A copy of the said contract appears in the report of the case.

It further appears from the bill that on or about March 25, 1939, the respondent James D. Henderson filed a bill in the Circuit Court of Covington County, in equity, against the said W. F. Coon seeking specific performance of said contract, in which it was averred that said W. F. Coon had not performed and kept his part of said agreement as provided for in said contract; that a decree was entered in said cause, on decree pro confesso against said W. F. Coon, granting the relief prayed for, and requiring the said W. F. Coon to make and execute a deed conveying said lands back to said Henderson, and awarding a writ directing the sheriff to deliver said lands to said Henderson. That said W. F. Coon, in obedience to said decree, did execute a deed on July 29, 1939, to said Henderson reconveying said lands to said Henderson.

It is further averred that the said contract to reconvey the lands to said Henderson "arose and grew out of an indebtedness owing by said Coon (the husband) to said Henderson, or the assumption by said Coon of the indebtedness referred to in said contract, and that the purpose of said agreement was merely to secure the payment of the unpaid purchase price of the lands described therein, and the same is in legal effect a mere

mortgage, if valid at all." It is further averred "that said contract was a fraud on the homestead rights of complainant and her said husband, because it purported to invalidate the homestead rights by providing for the reconveyance of the property, and oratrix did not join in said contract as required by law in such cases." That complainant was not made a party to the specific performance suit.

It appears that whatever right the complainant seeks by this bill to enforce grows out of her relation as wife of said W. F. Coon, and it appears that they still occupy that relation. It is averred, however, that said W. F. Coon failed or refused to make defense against the specific performance suit, and has failed or refused to bring any suit to "cancel said clouds on the title or to redeem the property from said mortgage or contract * * * so that oratrix is obliged to file the suit in her own name in order to protect her homestead and dower rights."

The bill avers demand on respondent Henderson for statement "of the mortgage indebtedness and all lawful charges accruing under said contract"; that said demand was refused; and that complainant is ready and willing to pay any amount or amounts found due on the indebtedness in order to redeem said property.

There are other statements and averments in the bill which we deem unnecessary to set out.

The respondent Henderson demurred to the bill upon numerous grounds, some challenging its equity. The court below declined to pass upon these demurrers upon the ground that there was no necessity to do so, inasmuch as the complainant had wholly failed to meet and discharge the burden of proof resting upon her. The bill was dismissed, and this appeal follows.

Confessedly the entire indebtedness represented and undertaken to be secured by the contract entered into on November 24, 1934, represented the balance of the purchase money due by Coon, the husband, for the lands sold him by Henderson. The evidence shows beyond any sort of doubt that at the time the sale was in fact made, and the deed of Henderson and wife was delivered to Coon, the said Coon was but a tenant of Henderson, and living on said land with his said wife in that capacity, and in that capacity only. The evidence further shows beyond any sort of doubt that while the deed bears date November 3d, and while

the contract set out in the report of the case bears date November 24, 1934, the deed and contract were contemporaneously delivered, and constituted but one transaction.

■ It is well settled in this jurisdiction that a vendor's lien for unpaid purchase money is superior to the vendee's claim of homestead exemption, and that the homestead claim cannot prevail against a purchase-money mortgage, or contract, executed contemporaneously with the purchase. Code, § 7884; King et al. v. Chandler, 213 Ala. 337, 105 So. 184; Glass v. Tisdale, 106 Ala. 581, 19 So. 70; Adkins v. Bynum, 109 Ala. 281, 19 So. 400.

■ Likewise, it is settled in this jurisdiction that dower cannot prevail over a purchase-money mortgage. Hamm v. Butler et al., 215 Ala. 572, 112 So. 141; Code, § 7427, Sub. 3.

■ Under the evidence in this case the contract executed by and between the respondents Henderson and Coon on November 24, 1934, was not null and void by reason of any supposed homestead rights of either the complainant or of her husband. It was executed to secure the payment of the balance of the purchase money for said lands, and, therefore, as against its enforcement the asserted homestead rights of neither Coon nor his wife, the complainant, can prevail. The decree of the circuit court, attached to the bill as Exhibit D, was made and entered after personal service upon the said W. F. Coon, and the evidence wholly fails to disclose anything which would render the said decree null and void. The court had jurisdiction of the subject matter, and by proper legal process acquired jurisdiction of the defendant W. F. Coon. No appeal was prosecuted from the decree, and it is valid, in so far as any attack now made upon the same. Nor is the deed of W. F. Coon, the husband, executed in obedience to said decree null and void. The court below committed no error in so holding, and the decree in this respect is affirmed.

■■ But the question now arises, is the complainant, by virtue of her marital rights, under the averments of the bill, and the evidence, entitled to assert a right of redemption, either equitable or statutory, in the property in order to protect her homestead rights, or her inchoate right of dower? Confessedly, whatever is due and owing to said Henderson, or on said contract of purchase, is for the purchase money of said property, and so long as any part of this purchase money remains unpaid, no homestead rights, or inchoate right of dower can prevail against such purchase-money claim, but does this mean that the wife may not (where the husband fails and refuses to act), by proper proceedings, in a court of competent jurisdiction, protect the homestead and her inchoate right of dower, by having the amount still remaining unpaid of the purchase money, with the interest thereon, and such charges as may exist and constitute a lien on said property, ascertained; and when ascertained be allowed to pay the same, and thus to have her homestead rights rehabilitated, and her inchoate right of dower protected? We think she has such right. She was not a party to the specific performance suit, and, of course, her rights, if any, were not concluded thereby. The decree of specific performance, she not being a party to that suit, did not conclude her rights. Those rights remained precisely as they were before the proceedings in the specific performance suit were instituted. They were neither "enlarged nor diminished thereby." As against her, those proceedings stand for nothing. McGough v. Sweetser, 97 Ala. 361, 12 So. 162, 163, 9 L.R.A. 470; Gay Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 So. 353, 16 L.R.A. 564, 33 Am.St.Rep. 122; Ross v. Boardman, 22 Hun, N.Y., 527; Eslava v. Lepretre, 21 Ala. 504, 56 Am.Dec. 266; Duval v. McLoskey, 1 Ala. 708; Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463; Taylor v. Taylor, 207 Ala. 217, 92 So. 109.

We, therefore, are of the opinion, and so hold, that the complainant has the equitable right to redeem said lands, and this she may do by paying the entire amount of the agreed purchase price of said lands, as evidenced by the said contract of November 24, 1934, together with any accrued interest thereon, and taxes that said Henderson may have paid on said property since the date of said decree in the specific performance suit, or since the purchase of said property by the said W. F. Coon, together with interest thereon, but in ascertaining the balance due on the purchase price of said property, the complainant shall be given credit for any amounts that complainant's husband may have paid on said purchase money either to said Henderson, or to the two named mortgagees, viz., the Federal Land Bank and the Federal Land Commissioner. Unless this is done within 90 days after the due ascertainment of the amount still remaining due on the purchase price of said lands, as provided in said contract of November 24, 1934,

with interest thereon, and any taxes paid by said Henderson, and interest thereon, the bill of complaint should be dismissed by the circuit court.

In Hamm v. Butler et al., 215 Ala. 572, 112 So. 141, 143, as stated in the opinion, "the specific relief prayed is that she [the complainant] be allowed to exercise the husband's equity of redemption by requiring an accounting to ascertain the balance due on the mortgage debt." There she was not, as here, asserting an equity of redemption in herself, but relied solely on his equity, which, under the admitted facts, had been destroyed by full satisfaction of the debt as though the same had been paid in cash. She was, therefore, limited to the right to have a decree ascertaining the value of her interest, and charging the same as an encumbrance on the title, she not having joined in the execution of the deed given in satisfaction of the purchase money. The court there was limited in the relief to be granted by the scope of the pleadings. First Ave. Coal & Lumber Co. v. King et al., 193 Ala. 438, 69 So. 549. This differentiates that case from the case at bar.

It follows that the decree of the circuit court will be affirmed in part, and in part reversed and remanded for further proceedings in conformity to the opinion here rendered.

Affirmed in part; in part reversed and remanded.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.