5 So.2d 397

**COON v. HENDERSON.**

**4 Div. 232.**

Supreme Court of Alabama.

Dec. 4, 1941.

Rehearing Denied Jan. 15, 1942.

Mizell & Pearson, of Andalusia, for appellee.

P. B. Traweek and J. C. Fleming, both of Elba, for appellant.

146

FOSTER, Justice.

This is a second appeal in this case. 240 Ala. 492, 199 So. 704. It was there pointed out that the transaction by which W. F. Coon, the husband of complainant, acquired the land from Henderson conferred on the complainant certain rights resulting from the homestead status of the land, but subject to the prior rights of Henderson in respect to the purchase money. The relation between them under their contract was set up so as to secure the purchase price, and was similar in some respects to an equitable mortgage. This was enforced in equity at the suit of Henderson against W. F. Coon as for a specific performance, in which complainant was not made a party. A decree was there rendered on April 25, 1939, requiring W. F. Coon to reconvey the property to Henderson. This was done July 29, 1939, but Coon retained possession and paid rent for that year. The present suit was filed by the wife on September 11, 1939, by virtue of her homestead and dower rights to exercise the equity of redemption, and to pay the consideration for the conveyance as in the nature of a mortgage debt. This court held that she had such equitable right enforceable as here sought, reversing a decree of the circuit court denying relief. Their status was thereby treated upon the same basis as that of a mortgagor and mortgagee in an unforeclosed mortgage. This court did not treat the subject of rents and profits. On remandment there was a reference to the register to state the account as directed in the opinion of this court.

An agreement of the parties shows, among other things, not here in controversy, that Henderson collected from W. F. Coon $225. on April 28, 1940, which was the rental value of the land for 1939, and that he went into actual possession of the land on August 20, 1940, and took over the crops then outstanding which he gathered and marketed of $344.91. The final decree was entered August 25, 1941, after the report on reference.

The register disallowed both of those items, but reported that if those items should be allowed one would be $237.41 (including interest, we presume), and the other would be $433.55, making a total of $660.96. The court likewise disallowed such charges. The decree took no account of the rents of 1941, to which we will refer later.

The first question relates to the claim of charge to Henderson for the rents collected for 1939, and the net value of the crops of W. F. Coon, which were received by Henderson in 1940, which were on the land when he assumed actual possession.

■ Henderson should be treated in the same status as a mortgagee in possession under an unforeclosed mortgage for the purposes of this suit, as was done on former appeal. Moses v. Johnson, 88 Ala. 517, 7 So. 146, 16 Am.St.Rep. 58; Lewis v. Hickman, 200 Ala. 672, 77 So. 46; Pearce v. Third Ave. Inv. Co., 221 Ala. 209 (7), 128 So. 396; Forrester v. Granberry, 211 Ala. 402, 100 So. 551.

■ A mortgagee in possession before foreclosure is responsible on redemption for rents collected, or for rental value if he used the property. From that amount he may deduct repairs and taxes, but not improvements. American F. Land Mortgage Co. v. Pollard, 132 Ala. 155, 32 So. 630; 14 Ala.Dig., Mortgages, 835, 837, ☞602, 603.

The same principle applies to a conditional vendor in possession, in the absence of a different contract. Pearce v. Third Ave. Inv. Co., supra; Forrester v. Granberry, supra.

■ But one in possession of land as purchaser under a valid foreclosure is the absolute owner, and is not chargeable with rent in respect to another whose rights were thus foreclosed. Hale v. Kinnaird, 200 Ala. 596, 76 So. 954; Code of 1940, Title 7, section 732 (6).

■ In this case the equity of redemption by the husband was cut off in a suit of specific performance in which this complainant was not a party. Specific performance as between vendor and vendee is similar to foreclosure or redemption, as the case may be, between mortgagor and mortgagee. Pearce v. Third Ave. Inv. Co., supra. As pointed out on former appeal (199 So. 704), complainant is not here claiming

the privilege of enforcing her husband's rights which he had neglected. But by virtue of her homestead rights she has in herself an equity of redemption, which was neither enlarged nor diminished by the foreclosure to which she was not a party. McGough v. Sweetser, 97 Ala. 361, 12 So. 162, 19 L.R.A. 470. But since her unforeclosed homestead right left intact in her an equity of redemption, though she was not personally liable for the debt, she must pay off the entire debt, and the interest in the land thereby secured by her would not be limited by the extent of her homestead and dower rights. McGough v. Sweetser, supra. Her unforeclosed status establishes in her the right to the enjoyment of the homestead upon paying the debt remaining unpaid. Compare McGowan v. Williams, Ala.Sup., 4 So.2d 164. Therefore she is entitled to credit on redemption for rents and profits on the principles declared in the Pollard case, supra.

We see no reason for denying complainant credit for the amount of rent collected by Henderson for 1939, paid in 1940, and for the net proceeds of the crops on the land in 1940 planted and cultivated by W. F. Coon, and outstanding when Henderson was put in possession in August, 1940. The statement of their accounts looking to redemption should include all such items. It is well settled in this State that "a mortgagee who comes into the possession of the property mortgaged, whether before or after default * * *, and before the mortgage has been foreclosed, is a trustee of the mortgagor of the rents and profits, and is bound to apply them in extinguishment of the mortgage debt." Lovelace v. Hutchinson, 106 Ala. 417, 422, 17 So. 623, 625; Toomer v. Randolph, 60 Ala. 356, 360.

The duty is imposed by law, and there is no need of a special prayer for such relief. The rents were all collected after this suit was brought and should be taken into consideration in stating the account. See Williams v. Noland, 205 Ala. 63, 65 (7), 87 So. 818. And all except that paid in April, 1940, for the rent of 1939 was collected after the final decree which was reversed on former appeal.

After such reversal complainant sought by what she termed a supplemental bill to bring in such claims. The defendant moved to strike it because a supplemental bill was not appropriate and because such matters were involved in the issues made by the original bill. This motion was overruled, but no issue was taken on it. See Code of 1940, Tit. 7, p. 1071, Equity Rule 28 (2); Patton v. Darden, 227 Ala. 129, 148 So. 806.

While an amendment is the appropriate method of bringing in matter which has occurred pending the suit before final decree, whether it is called by that name, is not of serious consideration. But those credits to complainant were due to be made without a special reference to them in complainant's pleadings.

On the former appeal, all the costs in both courts were taxed against Henderson. In July, 1941, appellant secured a garnishment to issue directed to one Dorsey Cook as a debtor of Henderson on account of the rents of 1941 as a tenant on this land for that year to collect the judgment for costs. He answered, admitting an indebtedness of $225 on that account, and paid it into court. The final decree was rendered and appeal bond made before anything was done on that answer. Thereafter, on September 10, 1941, a judgment was rendered against the garnishee for that sum, and ordering the costs paid and that the balance of the $225 be paid to Henderson.

On another trial, this total sum of $225 should likewise be charged to Henderson in perfecting a redemption. See Williams v. Noland, supra, 205 Ala. at page 65 [7], 87 So. 818.

The consideration for the purchase of the land from Henderson was an agreement to assume and pay the whole of a mortgage on it to the Federal Land Bank, dated November 2, 1925, executed by J. S. Day, and also to assume and pay one-half of a mortgage made by Henderson to the Land Bank Commissioner on the same land, dated February 1, 1934. The register reported a balance due on the land bank mortgage of $1,108.12, and that Henderson had paid on account of that mortgage $154.71. We understand that to mean that the balance of $1,108.12 was after that payment. He also reported that Henderson had made payments to the land bank commissioner, one-half of which amounted to $261.07, and had made some repairs on a well of $20. The court took those figures (making an aggregate of $435.78) as the debt due to be paid by complainant to redeem.

Had the rents and profits for 1939 and 1940 been taken into account, they would have amounted to $660.96, as found by the

register, or an overpayment of $225.18. But those charges were disallowed by the court, and it gave no consideration to the payment of the deferred installments which were assumed as a part of the consideration.

To effect this redemption, this complainant must pay all installments which have matured, and which W. F. Coon assumed, but no more unless by an acceleration clause all of it has matured. Her redemption must be decreed to be on such terms as to place her in position where no installment shall remain in default. Compare Bessemer C. I. & Land Co. v. Bullard, 215 Ala. 433, 434 (7), 111 So. 5. If Henderson is chargeable on the accounting with more than she is due to pay him to restore their status to a proper position, she cannot recover the amount of the difference from him in this suit. His accountability for rents is only as an incident of the equity of redemption. Harris v. Jones, 188 Ala. 633, 65 So. 956; 2 Jones on Mortgages 83, section 1116; Roulhac v. Jones, 78 Ala. 398. He held possession rightfully under a decree of the court. But on redemption is accountable for rents collected or rental values as the case may be.

So that in respect to any of the unpaid installments, not now due and unpaid, the decree properly took no account. The court evidently treated the report of the register, which states that the balance due on the mortgage (of November 2, 1925) was $1,108.12, to mean the balance remaining unpaid as of that date; and not that this balance had matured. To the extent that it had matured as to either mortgage, she should be chargeable with that also, and the court should see that any such payment on redemption shall go to the proper source. But in the absence of any such matured installments, the court properly charged her as was done, but should have credited her with the amounts found by the register of approximately $660.96. And on another trial account should be taken of the liability of Henderson for rent for 1941, and also any matured installments which neither W. F. Coon nor complainant shall have paid. Upon default of compliance by complainant with a decree of redemption her rights should be barred of further assertion.

Reversed and remanded.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.