186 So. 692

### RALEIGH REALTY CO. v. LAGOMARSINO.

#### 8 Div. 928.

Supreme Court of Alabama.

Feb. 16, 1939.

00:00:00.000316

T. M. Thomas, of Florence, for appellant.

W. F. McDonnell, of Sheffield, for appellee.

BOULDIN, Justice.

The appeal is from a decree sustaining demurrers directed to the equity of an amended bill as a whole.

Broadly speaking, the bill seeks redemption of real estate from a mortgage.

The parties are successors in right to the original mortgagor and mortgagee, having, under the averments of the bill, the same equities. They will, therefore, be referred to as mortgagor and mortgagee.

■ The bill discloses a foreclosure, or attempted foreclosure, of the mortgage under power of sale. If to be treated as a bill to effectuate the statutory right of redemption, it was subject to apt demurrers pointing out the absence of any averment of tender or excuse for failure to make tender essential to the equity of such bill under well known rules.

■ But quite clearly the bill seeks to vacate the foreclosure sale as void or voidable, and to have an accounting and redemption in virtue of the equity of redemption. If the bill in any of its aspects makes a case for equitable relief of this character no tender is required. Sufficient, if complainant submits himself to the jurisdiction of the court offering to do equity. This bill meets this requirement.

Randolph et al. v. Bradford et al., 204 Ala. 378, 86 So. 39.

■ Among the grounds on which it is sought to annul and vacate the foreclosure sale is that the mortgage was not in default at the time. A foreclosure, made before default, before the conditions precedent incorporated in the power of sale have arisen, is ineffective, and does not cut off the equity of redemption. Randolph v. Bradford, supra.

The bill does not disclose that the mortgage was not in default under its original terms at the time of the foreclosure sale.

One aspect of the bill seeks to set up an extension of the time of payment.

In substance, it is averred that in 1929 the mortgagee threatened a foreclosure, the mortgage presumably being then in default, unless the mortgagor paid the sum of $500; that this sum was paid, as per demand; that an agreement was made, in parole so far as appears, whereby the debt should be paid in instalments of $50 per month; that after the payment of the $500, other payments were made reducing the debt to $6,000, and the payments of $50 per month were kept up until the date of foreclosure in 1935.

■■ The point is made by demurrer that after a debt has matured, a voluntary promise to extend the time of payment is a nudum pactum, that an extension agreement must be supported by a new consideration, that a part payment on a past due obligation is not a new consideration. This is a correct statement of the rule. Scott v. Scruggs, 95 Ala. 383, 387, 11 So. 215; Black v. Slocumb Mule Co., 8 Ala.App. 440, 62 So. 308; 2 Jones on Mtgs. (8th Ed.) § 1523.

■ What is a valuable consideration is a frequent inquiry. We may observe that notes and mortgages are continually renewed and extended on the same rate of interest, the lien of the original mortgage being retained as security. Without question the renewal papers may extend the date of maturity. The contract to pay interest for the additional term is a consideration. Broadly speaking, the power to make contracts is the power to modify or rescind them. All executory contracts may be modified by the parties thereto at will No new consideration is required.

The aspect of the bill above outlined discloses more than a voluntary promise to extend, or a payment on the overdue debt:

It is averred no credit was given on the debt for the $500 so paid.

Another aspect of the bill alleges this was a usurious payment, an excess exaction over the lawful rate of interest already accruing under the contract. It is not averred that any usurious interest charges entered into the original note and mortgage. Still this aspect of the bill seeks to taint the entire transaction with usury, asks a forfeiture of all the interest, and the application of this and other payments as credits on the principal. No such equity exists. Read v. Flaketown Graphite Co., 206 Ala. 611, 91 So. 258.

But a bill is not without equity if one aspect contains equity. Wood et al. v. Estes, 224 Ala. 140, 139 So. 331. While there is no express averment that the $500 paid was a consideration for an extension, we think this is averred in substance and effect. The theory of usury implies this was not a payment to be credited on the existing past due debt.

Our conclusion is the bill has equity in this aspect, and there was error in sustaining demurrers for want of equity in the bill as a whole, and dismissing the bill out of court.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.