4 So.2d 164

## McGOWAN v. WILLIAMS et al.

### 6 Div. 723.

Supreme Court of Alabama.

Oct. 9, 1941.

Ernest Galin and John H. Chapman, both of Cullman, for appellant.

St. John & St. John, of Cullman, for appellees.

LIVINGSTON, Justice.

This is a bill filed by Ella Hubbard Mc-Gowan, a junior mortgagee, against Elizabeth M. Williams, Z. S. Williams and T. A. Smith. The bill seeks to redeem certain lands therein described from a foreclosure sale made under a prior and senior mortgage executed by M. C. Williams and Mollie Williams, his wife, to one H. O. Holmes.

The bill as last amended alleges that the Holmes mortgage, conveying the same lands conveyed by complainant's mortgage, was executed on the 21st day of May, 1927, and foreclosed by a suit in the Circuit Court of Cullman County, Alabama, in equity, and, on the 25th day of October, 1937, at the foreclosure sale, the respondent T. A. Smith, one of the appellees, became the purchaser.

The bill further alleges that complainant's mortgage was executed and delivered to complainant by Mrs. E. M. Williams, a widow, on July 28, 1932, to secure a debt due complainant on July 28, 1937, and, further, that both mortgages were duly recorded in the office of the judge of probate of Cullman County prior to the institution of suit to foreclose the Holmes mortgage. That the property described in the two mortgages and the foreclosure deed to Smith was the individual property of Elizabeth M. Williams; and that Elizabeth M. Williams, Mrs. E. M. Williams and Mollie Williams are one and the same person. That M. C. Williams, the husband of Elizabeth M. Williams, died after the execution and delivery of the Holmes mortgage, and prior to the execution and delivery of complainant's mortgage.

The bill further alleges that the respondent Z. S. Williams claims some interest in the property described in complainant's mortgage, the exact nature and extent of which complainant is not advised, and he should be made a party to the end that he be given an opportunity to protect such claim or interest.

The bill further alleges that complainant was not made a party to the suit to foreclose the Holmes mortgage.

The separate demurrers to the bill as last amended of T. A. Smith and Z. S. Williams were sustained, and the bill dismissed on the theory that it was lacking in equity and was not amendable so as to remedy that defect.

The question of prime importance is the right of appellant, Ella Hubbard Mc-Gowan, to exercise the equity of redemption conveyed to her by the second or junior mortgage, and her suit for that purpose was commenced more than two years after the date of the sale to Smith under the decree of foreclosure of the Holmes mortgage, but within five years of the date of said sale.

Appellees' demurrers take the point that complainant's right to redeem is limited by section 10140 et seq., Code of 1923, Code 1940, Tit. 7, § 727 et seq., the two-year statutory right of redemption.

The right of redemption under this section is purely the creature of legislation, and has no existence without it. It comes into existence only after the equity of redemption proper has been cut off by sale or foreclosure, and until then it cannot spring into life. This privilege is neither property, nor the right of property, and is not subject to levy and sale, as such, under execution. The statute designates the person who may exercise the privilege as well as the order and manner in which it may be exercised. It is available only to those able to bring themselves within the terms of the statute. Toney v. Chenault, 204 Ala. 329, 85 So. 742. It is essentially different from the equity of redemption recognized by the common law, and which can only be exercised before a foreclosure of the mortgage under a decree of the equity court, or before a sale under the power in a mortgage.

In the case of McGough v. Sweetser, 97 Ala. 361, 364, 12 So. 162, 163, 19 L.R.A. 470, this Court said: "A mortgage in equity and in fact is only a security for the payment of a debt. It does not convey all the interest of the mortgagor. So soon as the debt is paid, the entire ownership revests in him. So, likewise, if the property conveyed in the mortgage is more than sufficient to pay the debt, that balance, when ascertained, belongs to the mortgagor. This privilege and residuum of interest constitute what is known as the 'mortgagor's equity of redemption.'" The equity of redemption is a valuable interest, a legal estate and may be sold or transferred to another. Bernstein v. Humes, 71 Ala. 260; section 8945, Code of 1923, Code 1940, Tit. 7, § 22.

The pertinent provisions of section 8945, Code of 1923, read in connection with section 8941, Code 1940, Tit. 7, § 18, are as follows: "Limitation of five years.— Within five years—1. All actions founded on equities of redemption, where lands have been sold under a decree of the circuit court in chancery proceedings, existing in any person not a party to the proceedings, who claims under the mortgagor or grantor in the deed of trust."

■. The established rule is that a junior mortgagee or other incumbrancer, who is not made a party to a suit brought by the senior mortgagee to foreclose his mortgage, is not bound in any manner by the decree of foreclosure. Wiley, Banks & Co. v. Ewing, 47 Ala. 418; Cooper v. Hornsby, 71 Ala. 62; Powers et al. v. Andrews, 84 Ala. 289, 4 So. 263; Bank of Luverne v. Turk, 222 Ala. 549, 133 So. 52.

■ The bill alleges that complainant, a junior mortgagee, was not made a party to the suit to foreclose the Holmes mortgage, the senior mortgage. Therefore, her equity of redemption still existed, and in the absence of some statutory limitation, the right under the common law would continue as long as her mortgage is operative. The sole purpose of section 8945, supra, is to reduce the time in such a case to a limit of five years. Authorities supra.

■ Section 8945, supra, has appeared in practically the same language in all of our Codes since the Code of 1852. On the other hand, the class given the right to redeem under the two year statute, section 10140, supra, has been enlarged from time to time. Thus, in Powers et al. v. Andrews, supra, under the Code of 1886, a junior mortgagee could not redeem at all under the two-year statute. The fact that section 8945, supra, has been so long in our statutory system without material change, while the class entitled to redeem under the two-year statute has been enlarged from time to time, lends force to the conclusion that section 8945, supra, applies where the equity of redemption has not been cut off by foreclosure in equity, or under the power in the mortgage. Such a construction creates harmony in dealing with all the statutes of redemption, while a contrary view convicts the legislature of inconsistency, if not positive contradiction.

■ A mortgagor may proceed in equity to enforce his equity of redemption. No tender or offer to pay before suit is brought need be averred or proven. No controversy or occasion for an accounting as to the amount of the mortgage debt need be shown. Submission to the jurisdiction of the court with offer to redeem by payment of the debt as decreed gives equity to the bill. Macke v. Scaccia, 222 Ala. 359, 132 So. 880; Raleigh Realty Co. v. Lagomarsino, 237 Ala. 315, 186 So. 692; Gauntt v. McKissack, 226 Ala. 624, 148 So. 325.

■ This being a bill to enforce the equity of redemption, averments showing a compliance with the requirements provided for in the exercise of the statutory right to redeem are not necessary or required.

The judgment of the trial court in sustaining the demurrers of appellee T. A. Smith is not in harmony with the views here expressed.

■ The demurrer of Z. S. Williams was properly sustained. The mere allegation that he claimed some interest in the lands described in complainant's mortgage is not sufficient to give the bill equity as to him. That interest, if any, is not shown to in anyway affect complainant's right to enforce her equity of redemption.

For the error pointed out, the cause is reversed and remanded.

Reversed and remanded.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.