119 So.2d 897

Joe **ROBINO**

v.

**A. H. GREEN.**

**6 Div. 506.**

Supreme Court of Alabama.

April 21, 1960.

**492**

Burgin Hawkins, Birmingham, for appellant.

Barber & Johnston and Cato & Hicks, Birmingham, for appellee.

MERRILL, Justice.

Appeal from decree overruling demurrer to bill as amended. The complainant seeks to be permitted to exercise the statutory right of redemption from a mortgage foreclosure sale. The mortgage secured the principal amount of $10,000, was payable to respondent and respondent purchased at the foreclosure sale for $8,666.15.

The demurrer to the original bill was sustained, but after amendment, it was overruled.

The bill was filed under the provisions of Tit. 7, §§ 731, 732, 733 and 734, Code 1940. Tit. 7, § 732, provides, in part:

"Anyone entitled and desiring to redeem real estate under the provisions of this chapter must also pay or tender to the purchaser or his vendee the purchase money, with interest at the rate of ten per cent per annum thereon, and all other lawful charges, with legal interest, * * *."

Appellant argues that the demurrer should have been sustained because "The bill does not aver that payment or any tender of the purchase price, the interest

thereon and all other lawful charges, as required by the Statute, Code of 1940, Title 7, Section 732, were made to the purchaser or his vendee prior to the filing of the bill, nor does the bill show any sufficient excuse for the failure to do so."

A bill which does not allege a tender, nor noncompliance with a demand for a statement of the amount to be tendered is demurrable, unless a good excuse for noncompliance with these requirements is disclosed by the bill. Rodgers v. Stahmer, 235 Ala. 332, 179 So. 229; Goodwin v. Donohue, 229 Ala. 66, 155 So. 587.

In Rodgers v. Stahmer, supra [235 Ala. 332, 179 So. 230], we said:

"Courts of equity, in keeping with the general policy of redemption statutes, namely, the prevention of the sacrifice of real estate by forced sales, have excused the literal compliance with these statutes, and entertained bills for statutory redemption in a variety of cases, wherein, because of some fault of the party from whom redemption is sought, compliance would be useless, or, for any reason, not the fault of the redemptioner, it becomes impractical to comply. (Citing cases)."

The bill as amended in the instant case did not allege a written demand for the amount due or a tender of the money together with the lawful charges, but did allege that the principal and interest due under the mortgage has been paid in full and a failure of the appellant to mark the record satisfied. It also alleges the verbal acknowledgment by appellant of receipt of payments exceeding the original principal amount, together with all interest. These averments are admitted as true on demurrer.

It is also alleged that appellant claims the sum of $10,624.37 as being due and unpaid.

Finally, it is alleged that "Complainant avers that the unpaid balance of said mortgage, including principal, interest, attorneys' fees and all lawful charges does not exceed the sum of One Hundred Dollars ($100) which he has tendered and deposited with the Register of this court. Complainant avers that he is ready, able and willing to pay all amounts determined by this court to be just and due to the respondent in order for the complainant to effect a redemption from the foreclosure of the mortgage. Complainant offers to do equity and submits himself to the jurisdiction of this court and avers that he will continuously hold himself ready, able and willing to pay all sums which the court may find are due from the complainant to the respondent in order to entitle the complainant to perfect a redemption by the complainant from the respondent. Complainant further avers that he will immediately deposit with this court all sums of money which the court ascertains is the amount that he is required to pay in order to effect a redemption from the respondent."

Title 7, § 732, quoted supra, requires the redemptioner to "pay or tender to the purchaser" the purchase money. No tender is required if the full amount of the mortgage and interest has been paid before foreclosure. "The law does not exact the observance of a vain ceremony." Root v. Johnson, 99 Ala. 90, 10 So. 293, 294; Wootten v. Vaughn, 202 Ala. 684, 81 So. 660.

We have also held that if the debt secured by a mortgage was fully paid prior to foreclosure the sale was void. Hawk v. Moore, 269 Ala. 380, 113 So.2d 355, and authorities there cited. A bill seeking to vacate a foreclosure as void or voidable does not require any averment of tender, if complainant submits himself to the jurisdiction of the court and offers to do equity. Raleigh Realty Co. v. Lagomarsino, 237 Ala. 315, 186 So. 692.

■ We think the averments that the mortgage was paid before foreclosure, the allegations of the large amount claimed by appellant and the offer to pay whatever sums the court may find to be due constitute sufficient excuse for not making tender of the purchase money prior to filing the bill to redeem.

■■ One of the purposes of a bill to redeem is to ascertain the amount necessary to effect the redemption. It is sufficient if it shows an excuse for the failure to make payment or tender the amount necessary to redeem, and offers to pay the amount so ascertained. Lavretta v. L. Hammel Dry Goods Co., 243 Ala. 34, 8 So.2d 264(5), and cases there cited.

The decree overruling the demurrer is affirmed.

Affirmed.

LAWSON, STAKELY and COLEMAN, JJ., concur.