JONES, Justice.
Beverly Spencer, the defendant below, appeals from a judgment for the plaintiff in an action for redemption of property. Because we hold that the check, tendered within the one-year statutory redemption period, constituted “payment,” even though the check was “honored” by the drawee bank two days after the redemption period expired, we affirm.
The facts of this case are undisputed. On October 29, 1985, West Alabama Properties, Inc. (“West Alabama”), purchased the land in question from James P. Campbell for $40,000. West Alabama paid Campbell $10,000 and executed a promissory note for the balance; it secured payment of the note by executing a mortgage covering the land. On May 12, 1986, Campbell foreclosed on the mortgage and purchased the property at public auction for $32,-133.24. On November 26, 1986, Campbell and his wife conveyed the property to Beverly Spencer. On May 11, 1987, West Alabama filed a complaint initiating the present redemption action against Campbell and Spencer, and tendered with the complaint a personal check in the amount of $35,361.08, alleged by West Alabama to be the amount necessary to redeem the property. The funds tendered by West Alabama were put in an interest-bearing account by order of the circuit court. On May 14,1987, two days after the expiration of the statutory redemption period, the tendered check was honored by the Bank of Moundville. The trial court allowed redemption.
The issue presented is whether West Alabama’s corporate check, tendered with the complaint for redemption, constituted “payment” under Ala.Code 1975, §§ 6-5-235, -238. The appellant argues that the check was not cash or its equivalent and was therefore insufficient to qualify as the statutorily required payment of *427 the purchase money. And, insisting that a corporate check is not sufficient “payment,” Spencer further argues that, because West Alabama failed to demand, pursuant to § 6-5-234, a written statement of the debt and all lawful charges claimed by her, there exists no excuse for its failure to pay into court the “monies” owed. Therefore, Spencer says, West Alabama failed to comply with the redemption statutes, § 6-5-230 et seq., and the court erred in allowing redemption. We disagree with this “black and white” reading of §§ 6-5-235 and 6-5-238, and conclude that West Alabama did make proper payment into court.
Section 6-5-235 reads:
“Anyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser or his vendee the purchase money, with interest at the rate of 10 percent per annum thereon, and all other lawful charges, with legal interest, which are:
“(1) Permanent improvements as prescribed in section 6-5-244.
“(2) Taxes paid or assessed.
“(3) Any other valid lien or incum-brance paid or owned by such purchaser or his vendee, or any mortgagee of the purchaser, to the extent of the amount necessary to redeem.
“(4) If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, he must also pay any balance due on the debt, with interest thereon to date.
“(5) A mortgagee of the purchaser, or his assignee of record, is considered a vendee of the purchaser, and a party redeeming must pay all mortgages made by the purchaser or his vendee on the land to the extent of the amount required to redeem the property. If there is any balance in excess of the indebtedness secured by the mortgages made by the purchaser or his vendee, the same must be paid to the purchaser.
“(6) The purchaser shall be entitled to all rents paid or accrued to date of the redemption, and the rents must be prorated to such date. The purchaser or his vendee and his tenants shall have the right to harvest and gather the crops grown by them on the place for the year in which the redemption is made, but must pay a reasonable rent for the lands for the proportion of the current year to which such redemptioner may be entitled.”
Because the word “payment,” as used in this section, is not entirely clear, it should be construed so that neither party is unfairly advantaged. We agree with West Alabama’s contention that these Code sections are remedial in nature. We must, therefore, give them a liberal interpretation so as to effectuate their objectives. Ex parte Burks, 487 So.2d 905 (Ala.1985). The purpose of the redemption statutes is to allow a defaulting purchaser, with certain restrictions, the opportunity to redeem property that has been lost by foreclosure. Indeed, statutory rights of redemption are intended to “rescue” from “sacrifice” the property of a debtor. See Memorial Shrines, Inc. v. McConnell, 270 Ala. 266, 117 So.2d 684 (1960); and Kelley v. Hurt, 217 Ala. 694, 117 So. 411 (1928).
Looking, then, to the purpose of the statute, we recognize that such a strict interpretation of “payment” as that suggested by Spencer would serve only to defeat the legislative intent behind the statute. As the Court has observed:
“ ‘The inartificial manner in which many of our statutes are framed, the inaptness of expressions frequently used, and the want of perspicuity and precision not un-frequently met with, often require the court to look less at the letter or words of the statute, than at the context, the subject-matter, the consequences and effects, and the reason and spirit of the law, in endeavoring to arrive at the will of the law giver.’ ”
Alabama State Board of Health ex rel. Baxley v. Chambers County, 335 So.2d 653, 656 (Ala.1976), quoting Thompson v. State, 20 Ala. 54, 62 (1852). To hold that West Alabama had not met the mandates of § 6-5-238 would be, under the totality *428 of these circumstances, contrary to the “will of the law giver.”
Spencer emphasizes the fact that West Alabama failed to demand a statement of the debt and lawful charges, and argues that it made a “conscious decision to merely file an eleventh hour lawsuit in an attempt to redeem.” The provisions of § 6-5-234 are clearly permissive:
“Anyone desiring and entitled to redeem may make written demand of the purchaser or his vendee for a statement in writing of the debt and all lawful charges claimed by him, and such purchaser or vendee shall, within 10 days after such written demand, furnish such person making the demand with a written itemized statement of the debt and all lawful charges claimed by him; and failing so to do, he shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his complaint without a tender to enforce his rights under this article.”
(Emphasis added.)
West Alabama made a good faith effort to pay the amounts due ($32,133.24 purchase money; $3,213.32 to satisfy the statutory 10%; and $14.52 in taxes assessed against the property) and offered to do equity and to pay additional amounts as the court deemed necessary. Pursuant to § 6-5-238, the court took jurisdiction over the matter upon West Alabama’s filing of the complaint, and it properly allowed redemption.
As for Spencer’s argument that West Alabama took a calculated risk and consciously filed an “eleventh hour” lawsuit, suffice it to say that West Alabama filed its complaint within the one year allowed by § 6-5-230.
The fact that West Alabama’s check was not honored until May 14, 1987, is inconsequential. We recognize that a check is conditional and does not satisfy the obligation until it is presented and paid. However, “[t]he acceptance of the check operates as a suspension of the original right of action until it is properly presented for payment and such payment is refused.” Kelley v. Kelley, 53 Ala.App. 608, 303 So.2d 108 (1974). This principle is also recognized in § 7-3-802 of our enactment of the Uniform Commercial Code, which states that, where payment is by check, “the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment,” and that “If the instrument is dishonored, action may be maintained on either the instrument or the obligation.” Accordingly, the Kelley Court held that, even though a check is a conditional payment, it is sufficient to satisfy a judgment, because, if it is dishonored, the debt remains and an action may be had on that debt. See § 7-2-511(3).
It follows, then, that to allow West Alabama’s check to serve as payment gives no unfair advantage to either party. If West Alabama’s check had been dishonored, the redemption would have failed because of the expiration of the statutorily prescribed one-year period, and Spencer would have suffered no detriment. As it is, however, West Alabama performed the required statutory steps to effectuate a redemption. Title to the property should rightfully vest in West Alabama.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.