[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15790
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-00324-WHA-TFM


DEUTSCHE BANK NATIONAL TRUST COMPANY, etc.,

Plaintiff - Consol. Defendant-Appellee,

JOHNNY M. PORTIS,
as Assignee and/or Transferee of the Rights of
Redemption of the Sherwin Williams Company
and as Assignee and/or Transferee of the Rights
of Redemption of Mark E. Marvin and/or Theresa
F. Marvin, whether jointly or individually, in the
Real Property, etc.,
LISA H. PORTIS,
as Assignee and/or Transferee of the Rights of
Redemption of the Sherwin Williams Company
and as Assignee and/or Transferee of the Rights
of Redemption of Mark E. Marvin and/or Theresa
F. Marvin, whether jointly or individually, in the
Real Property, etc.,

Consol. Plaintiffs - Appellants,

versus

CITIBANK, N.A.,
as successor in interest by merger to CitiBank
Federal Savings Bank,

                                              Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 6, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal requires us once again to interpret Alabama's redemption statute, Ala. Code § 6-5-248, in the context of competing claims to a right of redemption in real property. The district court held that the right of redemption belonged to Deutsche Bank National Trust Company (Deutsche Bank). Johnny M. Portis and Lisa H. Portis, a husband and wife, proceeding pro se, appeal the district court's holding, arguing that they are the only party lawfully allowed to redeem the property insofar as they are the only party with a statutory right of redemption that has been properly exercised under Alabama law.

## I. FACTS AND PROCEDURAL HISTORY

"Alabama law recognizes a statutory right of redemption, which entitles

certain persons, including ['mortgagors' and] 'debtors,' to obtain title to foreclosed property within one year of the foreclosure sale by tendering the price paid at the sale plus interest and other lawful charges." In re Poe, 477 F.3d 1317, 1319 (11th Cir. 2007) (citing Ala. Code §§ 6-5-248(a)(1) & (b), 6-5-253(a)). "This statutory right of redemption may be transferred or assigned, and the transferee of the right need not have a property interest in the real property sold in order to redeem." Id. (citing Ala. Code § 6-5-248(a)(5).

### A.

The facts of this case are not disputed. The conflict centers on real property located at 413 Parks Road, Pike Road, Alabama (the Property). As of October 2006, Mark E. Marvin and Theresa F. Marvin owned the Property, subject to a mortgage and a home equity line of credit. In February 2009, following a series of additional mortgages and foreclosures, Deutsche Bank, holder of a mortgage on the Property, sued Citibank, N.A. (Citibank), holder of a separate mortgage on the Property, to determine legal ownership of the Property (*Deutsche Bank I*). Although Deutsche Bank did not assert a right to redeem the property in its original complaint, it amended the complaint in April 2010 to assert that, even if it did not have a first priority mortgage vis-á-vis Citibank, Deutsche Bank should still have a right of redemption in the Property under Alabama law.

3

In November 2009, the Portises filed a counseled complaint in state court against both Deutsche Bank and Citibank (*Portises I*).  The Portises asserted that they were assignees of a statutory right of redemption on the Property acquired from the Marvins.  The Portises also asserted that they were the assignees of a separate statutory right of redemption acquired from The Sherwin Williams Company, another judgment creditor with a lien on the title.  Deutsche Bank and Citibank removed this action to federal court and answered, Deutsche Bank asserting certain defenses and denying that the Portises were entitled to relief.

The district court consolidated *Deutsche Bank I* and *Portises I* for all purposes.  During discovery, Citibank moved for summary judgment, limited to the *Deutsche Bank I* issues, and asked the court to declare that Citibank had the first priority mortgage as a matter of law.  The district court granted summary judgment to Citibank, finding that Citibank held a priority mortgage.  The district court reserved for trial, however, the issue of whether Deutsche Bank should be allowed to redeem the Property with the payment of an appropriate redemption price.

The Portises also moved for summary judgment.  They relied on Citibank's argument that Citibank had a first priority mortgage, and asserted that because Deutsche Bank failed to properly preserve its right to redeem, only the Portises'

4

right to redeem the Property remained, so the Portises were entitled to exercise that right under Alabama law. Deutsche Bank opposed, and the district court denied the Portises' motion as moot, to the extent that it was properly asserted in the *Deutsche Bank I* proceeding, based on the resolution of Citibank's claim to a first priority mortgage. The district court also ruled that the competing redemption claims identified in *Portises I* would be decided at trial.

Following a pretrial hearing, Deutsche Bank and the Portises apparently agreed that a trial would not be necessary and, instead, submitted the case for disposition based on stipulated facts as to when, or how, each party: (i) obtained a statutory right of redemption, if at all; (ii) attempted to notify Citibank of an intention to exercise that right; and (iii) would otherwise be entitled to certain equitable defenses.[1]

In its memorandum opinion, the district court found that at various points the Portises and Deutsche Bank each obtained a statutory right of redemption under Alabama law through a transfer of interests, but that Deutsche Bank's right of redemption took priority over that of the Portises. The district court reasoned that Deutsche Bank stood in the shoes of a grantor-mortgagor, whereas the

---

[1]Following the district court's determination that Citibank held the first priority mortgage on the Property, Citibank clarified that it took no position as to whether Deutsche Bank or the Portises had a right of redemption.

Portises stood in shoes of a grantor-debtor, and under Alabama law a transferee of a party's redemption interest as a mortgagor has priority over a transferee of a party's redemption interest as a debtor.  See Portis, et al. v. Citibank, 806 F. Supp. 2d 1212, 1222–24 (citing Ala. Code § 6-5-548(g)).  Proceeding pro se, the Portises now appeal the district court's decision.

## II. DISCUSSION

Liberally construed, the Portises' pro se brief makes the following assignments of error[2]: (i) that the district court erred in allowing Deutsche Bank's redemption claim to relate back to its initial complaint against Citibank; (ii) that the district court erred in its determination that Deutsche Bank was excused from strict compliance with the procedural requirements of the Alabama redemption statute; (iii) that Deutsche Bank never pleaded specifically that it was entitled to relief based on its status as a "mortgagor" and thus waived its right to any statutory redemption claim that it might have had; and (iv) that, in any event, a recently published Alabama Court of Civil Appeals case is determinative of the

---

[2]At various points in their brief, the Portises also reference "other issues and subissues [sic]" that they would have us review.  Even where cognizable, however, any such "issues" were not briefed and are therefore abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

6

issue of priority of redemption as between the Portises and Deutsche Bank.[3]

When, as here, the facts are undisputed and only legal questions remain to be decided, our review is plenary.  Poe, 477 F.3d at 1320.

## A. RELATION BACK

The Portises argue that the district court erred in allowing Deutsche Bank's claim to a right of redemption to relate back to its initial complaint against Citibank.  Our review of Alabama law and our own precedent lead us to reject this argument.

Under Alabama law, certain persons may exercise a statutory right of redemption to obtain title to foreclosed property within one year of the foreclosure sale.  Ala. Code § 6-5-252.  Here Citibank, the only party to properly institute foreclosure proceedings on the Property, held its foreclosure sale on November 14, 2008.  On February 24, 2009, Deutsche Bank filed its *Deutsche Bank I* complaint

---

[3]In response, Deutsche Bank alleges that the Portises lack standing to challenge Deutsche Bank's statutory right to redemption.  We cannot agree.  Standing requires proof of three elements: an "injury in fact" that is "particularized" and "actual or imminent"; "a causal connection between the injury and the conduct complained of"; and likelihood "that the injury will be redressed by a favorable decision."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992).  On this record, the Portises satisfy the elements of standing to challenge the validity of Deutsche Bank's right of redemption.  If Deutsche Bank's redemption claim is valid and takes priority over the Portises, as determined by the district court, the Portises are deprived of the opportunity to exercise their right of redemption, a concrete and particularized, and actual harm.  This injury is directly related to the validity of Deutsche Bank's right of redemption and whether it was properly exercised.  Finally, a favorable decision by this court on the issue of the validity of Deutsche Bank's right of redemption would result in the Portises' ability to exercise their right of redemption.

against Citibank seeking a declaratory judgment as to legal and equitable title to the property, well within the one year limit required by the redemption statute. As set out above, however, this complaint did not claim a statutory right of redemption. Rather, Deutsche Bank asserted its right of redemption only in its amended complaint, filed on April 5, 2010, well beyond the one year period required by Alabama law. Therefore, whether Deutsche Bank may exercise a right to redeem depends on whether its amended complaint related back to its original complaint.

The Federal Rules of Civil Procedure and the Alabama Rules of Civil Procedure are substantially the same with regard to when an amendment relates back to the original complaint. Compare Fed. R. Civ. P. 15(c) with Ala. R. Civ. P. 15(c). In pertinent parts, each provide that an amendment to a pleading "relates back to the date of the original pleading" when the claim or defense asserted in the amended pleading arose out of the "conduct, transaction, or occurrence" set forth or attempted to be set forth in the original pleading. See Fed. R. Civ. P. 15(c)(1)(B); Ala. R. Civ. P. 15(c)(2). Under either federal law, or Alabama law, a determination that an amended complaint relates back to an original complaint is reviewed for abuse of discretion. See Davenport v. United States, 217 F.3d 1341, 1343 n. 4 (11th Cir. 2000); E & S Facilities, Inc. v. Precision Chipper Corp., 565

8

So. 2d 54, 62 (Ala. 1990).

The district court held that Deutsche Bank's amended complaint of April 5, 2010 "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," and therefore related back to Deutsche Bank's original complaint of February 24, 2009. Portis, 806 F. Supp. 2d at 1219–20. In doing so, the district court noted that Alabama courts have applied relation back principles to find an amendment timely under the statutory redemption limitations period. See, e.g., Peacock v. Clay, 831 So. 2d 33, 38 (Ala. Civ. App. 2001). The Portises have pointed to no authority for the proposition that relation back is impermissible under Alabama law for the exercise of a statutory right of redemption. Thus we conclude that the district court's decision that the amendment was based on the same transaction as that described in the original complaint was not an abuse of discretion. Deutsche Bank's amended complaint exercising its right of redemption related back to its original complaint, thus satisfying the Alabama redemption statute's one year requirement.[4]

---

[4]In connection with their relation back argument, the Portises allege for the first time on appeal that the district court's judgment must be vacated for failure to join the Portises as an indispensable party, presumably to the original action between Deutsche Bank and Citibank. This argument is without merit. The Portises were not an indispensable party to that litigation because the Portises only acquired an interest in the Property after Deutsche Bank filed its action in February 2009. J.R. McClenney and Son, Inc. v. Reimer, 435 So. 2d 50, 52 (Ala. 1983) ("'Indispensable parties' are persons who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either affecting that interest

9

## B. COMPLIANCE WITH STATUTORY REQUIREMENTS

The Portises also argue that the district court erred in determining that Deutsche Bank was excused from strict compliance with the procedural requirements of the Alabama redemption statute.  Specifically, the Portises argue that: (i) the district court incorrectly excused Deutsche Bank's failure to make a written demand for a statement of debt pursuant to Ala. Code § 6-5-252; and (ii) the district court incorrectly excused Deutsche Bank's failure to tender payment for the Property where no written demand for a statement of debt was made.

### 1. Failure to Make a Written Demand

In pertinent part, Ala. Code § 6-5-252 provides that "[a]nyone desiring and entitled to redeem <u>may</u> make written demand of the purchaser or his or her transferees for a statement in writing of the debt and all lawful charges claimed . . . ."  <u>Id.</u> (emphasis added).  As indicated by the district court, "the portion of the statute governing demand is written in permissive terms."  <u>Portis</u>, 806 F. Supp. 2d at 1221.  In <u>Spencer v. West Ala. Properties, Inc.</u>, the Supreme Court of Alabama

---

or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.") (quotation marks omitted).  Once the Portises acquired a cognizable interest, and following the Portises' commencement of *Portises I* on November 13, 2009, the district court immediately consolidated the two cases for resolution of common questions of law and fact related to the competing claims to the Property.  On this record, we cannot say that the district court erred in failing to join the Portises to the *Deutsche Bank I* litigation.

interpreted a nearly identical, older version of the same statute, § 6-5-234[5], held

that the provisions therein were "clearly permissive," and allowed a party to

exercise its right of redemption even after it had failed to demand a statement of

the debt and lawful charges.  564 So. 2d 425, 428 (Ala. 1990).

We decline the Portises' invitation to interpret Spencer narrowly for the

proposition that "a demand for a written statement is excused where tender is

made within the one-year redemptive period."  In Spencer, the Alabama Supreme

Court expressly stated that the redemption statutes are "remedial in nature" and

therefore must be given "a liberal interpretation so as to effectuate their

objectives."  Spencer, 564 So. 2d at 427.  "The purpose of the redemption statutes

is to allow a defaulting purchaser, with certain restrictions, the opportunity to

redeem property that has been lost by foreclosure.  Indeed, statutory rights of

redemption are intended to rescue from sacrifice the property of a debtor."  Id.

(quotation marks omitted).  We conclude that the district court was correct in its

determination that under Alabama law, § 6-5-252's written demand provision is

permissive.  Thus, Deutsche Bank's failure to make a written demand of the debt

and lawful charges claimed by Citibank at the Property's foreclosure did not void

---

[5]The comment to Ala. Code § 6-5-252 provides that "[t]his section was essentially the prior Section 6-5-234."  Id.

11

Deutsche Bank's subsequent attempt to exercise its right of redemption.

## 2. Failure to Tender Payment

We also reject the Portises' argument that Deutsche Bank's failure to tender payment for the Property within one year of foreclosure cannot be excused. The redemption statute provides, in pertinent part, that "[a]nyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser . . . the purchase price paid at the sale, with interest . . ., and all other lawful charges, also with interest . . . ." Ala. Code § 6-5-253. The Portises correctly state that "[p]ayment or tender to the purchaser . . . [is] a condition precedent to filing a complaint to redeem, unless excused." Nichols v. Colvin, 674 So. 2d 576, 579 (Ala. Civ. App. 1995). As the district court recognized, however, under Alabama Supreme Court precedent a redemptioner's failure to make payment or tender prior to filing a complaint to redeem is excused if the redemptioner "submits himself to the jurisdiction of the court and offers to do equity." Robino v. Green, 119 So. 2d 897, 899 (Ala. 1960). Here, Deutsche Bank's complaint sought a declaration that the Citibank foreclosure was void and of no effect. In the alternative, Deutsche Bank requested that "if the Court determines that Deutsche Bank is not entitled to the relief requested . . . above, Deutsche Bank be entitled to redeem the Subject property from Citibank for an

12

appropriate redemption price." Under Robino, once Deutsche Bank submitted itself to the court's jurisdiction and offered to pay the appropriate redemption price, it was excused from making payment or tender prior to filing its complaint. Thus, we affirm the district court's holding that Deutsche Bank's failure to tender payment is excused.

### C. FAILURE TO PLEAD FOR RELIEF AS A 'MORTGAGOR'

For the first time on appeal, the Portises assert that because Deutsche Bank failed to specifically plead that it was entitled to a right of redemption based upon its status as a "mortgagor" prior to submission of its trial brief—instead asserting in its complaint only a general entitlement to redemption—Deutsche Bank waived any statutory redemption claim that it might have had. Although not stated in so many words, the Portises effectively argue that the judgment of the district court should be reversed because Deutsche Bank failed to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). This court has not squarely decided whether the defense of failure to state a claim upon which relief can be granted is waived by the appellant's failure to raise it in the trial court. See Smith v. Atlas Off-Shore Boat Serv., Inc., 653 F.2d 1057, 1060 n. 1 (11th Cir. 1981).[6]

---

[6]In Bonner v. City of Prichard we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

But even if we assume without deciding that such a claim can be raised for the first time on appeal, this argument also fails for the reasons that follow.

To state a claim for relief, the Federal Rules of Civil Procedure require that a pleading contain (i) "a short and plain statement of the grounds for the court's jurisdiction"; (ii) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (iii) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). "Pleadings must be construed so as to do justice." Id. at 8(e). However, "[i]n assessing the sufficiency of the complaint's allegations, we are bound to apply the pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009)." Lanfear v. Home Depot, Inc., 679 F.3d 1267, 1275 (11th Cir. 2012). "As a result, the plaintiff must plead a claim to relief that is plausible on its face." Id. (quotation marks omitted).[7]

In its first complaint against Citibank, filed in the Circuit Court of Montgomery County, Alabama in February 2009, Deutsche Bank asserted that it

---

[7]By comparison, Alabama courts maintain a permissive approach to what may suffice for a well-plead complaint. Peacock v. Clay, 831 So. 2d at 36. This standard was not changed by the United States Supreme Court's decisions in Twombly and Iqbal. See McKelvin v. Smith, 85 So.3d 386, 391 (Ala. Civ. App. 2010).

14

held legal and equitable title to the Property. The complaint laid out specific grounds for why Deutsche Bank was entitled to relief. Deutsche Bank's amended complaint, filed in April 2010, included, in the alternative, its request to redeem the Property. The Federal and Alabama Rules of Civil Procedure each expressly provide for claims of relief made in the alternative. See Fed. R. Civ. P. 8(a)(3); Ala. R. Civ. P. 8(a)(2). Deutsche Bank's claim to statutory redemption was supported by the same facts as its claim to title in the Property. Here again, insofar as Deutsche Bank's amended complaint seeking redemptive relief related back to its original complaint, under either the Federal Rules of Civil Procedure or Alabama's more liberal pleading standards, Deutsche Bank's complaint stated a claim upon which relief could be granted. In other words, Deutsche Bank did not waive its right to redemptive relief simply because it failed to specify that it was entitled to redemptive relief based upon its status as a mortgagor. Thus, the Portises' Rule 12(b)(6) argument fails.

## D. EFFECT OF INTERVENING ALABAMA CASELAW

Finally, the Portises argue that even if Deutsche Bank's right of redemption is cognizable and was properly invoked, an intervening Alabama Court of Civil Appeals opinion, Chess v. Burt, 87 So. 3d 1201 (Ala. Civ. App. 2011), "is determinative" that the Portises' right of redemption takes priority over Deutsche

15

Bank's right of redemption.

The Portises correctly observe that Chess stands for the proposition that as between two transferees of statutory rights of redemption to the same property, the transferee who seeks to redeem first has priority and the second party cannot further redeem because the plain language of the Alabama redemption statute limits further redemption to mortgagors and debtors. See Chess, 87 So. 2d at 1211 (citing Ala. Code § 6-5-248(d)). This proposition, however, does nothing to strengthen the Portises' position insofar as the Portises and Deutsche Bank each acquired redemption rights as transferees. Indeed, once it is established that Deutsche Bank's amended complaint exercising its right of redemption relates back to its original complaint of February 24, 2009, supra, Chess actually determines that as between the Portises and Deutsche Bank, Deutsche Bank's redemption claim takes priority. Per Chess, if Deutsche Bank, which sought redemption before the Portises, is entitled to redeem the property, the Portises are not then entitled to further redeem because § 6-5-248(d) limits further redemption to mortgagors and debtors and the Portises are neither. See Chess, 87 So. 2d at 1211.

The Portises did not otherwise brief any arguments contesting the district court's determination of priority of redemption rights. "[I]ssues not briefed on

16

appeal by a <u>pro se</u> litigant are deemed abandoned." <u>Timson</u>, 518 F.3d at 874. Therefore we will not disturb the district court's determination of priority as between Deutsche Bank (as transferee of a mortgagor) and the Portises (as transferees of a debtor).

## III. CONCLUSION

For each of these reasons, the district court's decision resolving exercise of the statutory right of redemption on the Property in favor of Deutsche Bank is

**AFFIRMED.**